Battle J.
 

 The alimony which the court is authorized by the 15th section of the 40th chapter of the Revised Code to decree to the petitioner for the support of herself and her family, at any time during the pendency of a suit for divorce, cannot be regarded in any other light than as a debt. It is a certain sum of money which the court ascertains and
 
 *541
 
 orders to be paid by the husband to the supposed-to-be-injured wife, not only to enable her to live, but to furnish her with the means for prosecuting her suit. It is therefore a debt of record, the payment of which the court may enforce either by a rule upon him andan attachment thereon, or by the milder process of a
 
 fieri facias. A
 
 court of law, when it has the alternative of pursuing either the one course or the other, usually adopts the latter
 
 (Clerk's Office
 
 v.
 
 Allen,
 
 7 Jon. 156), while a court of equity more frequently resorts to the former. Petitions for divorce may be filed either in a court of law or a court of equity, though the mode of proceeding, whether brought in one or the other, is regulated mainly, if not altogether, by the rules of practice which prevail in chancery. Hence in the present suit, upon the non-payment by the defendant of the sum or sums of money decreed for alimony
 
 pendente lite,
 
 he was ordered to be attached for a contempt of the court, and was thereupon committed to jail. His imprisonment was not for any indignity offered to the court and on that account inflicted as punishment, but must be considered to be in the nature of an execution for debt in which the body is taken under a
 
 capias ad satisfaciendum.
 
 Viewed in this light, which we think is the only proper light in which it can be viewed, the defendant cannot be discharged unless he pays the debt, or proceeds in a proper manner to take the benefit of the insolvent debtor’s act. But it is said that as the suit terminated in favor of the defendant, it would be useless to compel him to pay the money, since being paid to the wife it would immediately become his again. But it is not certain that the wife was entitled to receive it, because being ordered for the support and maintenance ofherself and family, and also to enable her to carry on the suit, she may have been compelled to assign her interest in it to get the means of living while her husband was in default by his non-payment of it. The court
 
 *542
 
 •of equity would, of course, protect such an assignment, and that it may do so in every case, the rule must be that the court has no power to discharge the defendant from the execution even though the suit may terminate in his favor.
 

 It is said again, that the defendant was entitled to be discharged by the late act for abolishing imprisonment for debt. See act of 1866-7, ch. 63. We were of that opinion at first, but upon a careful examination of the act we find that by its terms it is confined to the ordinary proceeding in a court of law, and does not embrace a case like the present. Our conclusion, therefore, is that His Honor in the court below was right in deciding that he had no power to discharge the prisoner, and that his judgment must be affirmed.
 

 But it does not necessarily follow that the defendant, if unable to pay, is without remedy. He is to be regarded, as we have already intimated, as a debtor, and in execution for a debt, and as such it may well be contended that he is entitled to the benefit of the insolvent debtor’s act. Rev. Code, ch. 59. That act has always received a liberal interpretation, and it may be that the defendant’s case comes within the meaning of the first or sixth section. The words in the first section “If any person shall be taken or charged on any mesne process,
 
 or shall be taken or charged on execution for any debt or damages rendered in any action
 
 whatever,” are very broad; and so are the words of the sixth section, “When any debtor shall be taken on any
 
 capias ad satisfaciendum,
 
 or after
 
 judgment be in the custody of the sheriff or other officer by the commitment of the court, or by surrender of bail out of court, for any debt or contract whatever.”
 

 In connection
 
 with this subject see the case of
 
 Wheldale
 
 v.
 
 Wheldale,
 
 16 Ves., 376, to which we were referred by the
 
 *543
 
 counsel for the defendant in his learned argument before us.
 

 The judgment must be affirmed.
 

 Per Curiam. Judgment affirmed.