# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF ILLINOIS.

JOSEPH G. BEAR

*v.*

EMMA J. BEAR.

*Filed at Springfield, April 3, 1893.*

1. FRAUD—*whether presumed—how proven.* Fraud as against cred-itors of the vendor is not to be presumed, but must be proved by the party alleging it. It is not necessary, however, that it be established by direct evidence, but it may be shown by proof of attending facts and circumstances which raise the presumption of fraud.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of McLean County; the Hon. THOMAS F. TIPTON, Judge, pre-siding.

Messrs. KERRICK, LUCAS & SPENCER, for the appellant:

Fraud can not be presumed, but must be proved by the party who alleges it. *Reed* v. *Noxon*, 48 Ill. 323; *Stout* v. *Olive*, 40 Ill. 245.

Messrs. LILLARD & WILLIAMS and Mr. JAMES S. EWING, for the appellee:

Commented upon the evidence at some length, contend-ing it was sufficient to justify and require the finding of the court.

21

PER CURIAM opinion:

This is an appeal from the Appellate Court of the Third District. Emma J. Bear filed her bill in the Circuit Court of McLean county, against her husband Sebastian Bear, for separate maintenance, on which she obtained a decree. Appellant, Joseph Bear, was made a party defendant, and by the allegations of the bill, and his answer, an issue was made as to the ownership of certain personal property, choses in action, building association stock, etc., which appellant claimed to have purchased from the said Sebastian, his brother, but which appellee alleged was the property of her husband, liable for the satisfaction of whatever decree she might obtain, and that the claim and pretenses of ownership by the said Joseph were fraudulent and void.

Decree was rendered finding that the property belonged to the husband of appellee, and subjecting it to the payment of the decree for maintenance. No appeal was prosecuted from the decree for separate maintenance, and the only matters arising upon this appeal relate to the ownership of said property, choses in action, etc.

That the property belonged, late in the fall of 1891, and until the 3d of December, 1891, to Sebastian Bear is not questioned. But it is claimed that on the last mentioned date he sold the property, etc., in question to said Joseph. The separation took place November 26, 1891, and it appears that Joseph, who had resided in Kansas, arrived at his brother Sebastian's, on the 3d of December following, and that on that day made said purchase which included, practically, all of the visible estate of said Sebastian.

We agree with counsel for appellant that fraud is not to be presumed, but must be proved by the party alleging it. It is not, however, necessary that the fraud should be established by direct evidence, which can rarely be done. But it may be shown by proof of attending facts and circumstances which raise the inference of fraud. This is too familiar to require the citation of authorities. Nor do we

deem it necessary to enter upon a discussion or analysis of the evidence. It is not important here and would not be of benefit in other cases, and we content ourselves with saying, that the Circuit Court with the witnesses before it, and again the Appellate Court upon review of the record, have found that the pretended sale by Sebastian to appellant was fraudulent and void.

We have carefully examined the pleadings and evidence, and are of opinion that the proof amply sustains the decree. The conclusion reached by the chancellor is, we think, inevitable, if the rules governing such matters are considered and applied.

The judgment of the Appellate Court will be affirmed.

*Affirmed.*