ADDIE L. TOBEY v. ARCHER R. TOBEY AND SAMUEL H. TOBEY.

*Husband and wife—Separate maintenance—Lien on lands.*

1. Section 2 of Act No. 243, Laws of 1889, entitled "An act to provide wives with property and maintenance from their husbands' estates when neglected or deserted by them," etc.,

empowers the court to grant an injunction restraining the sale of the husband's property, and provides that notice of such injunction filed with the register of deeds shall operate as an attachment of the property, and that, to enforce its decree, an execution may issue, and be levied upon such real estate; but How. Stat. § 6293, which provides that the payment of the sum fixed by the court for the support of a wife and minor children when deserted by the husband and father may be secured upon real estate, is not expressly repealed by said Act No. 243, and the exercise of the authority thereby conferred is not inconsistent with that conferred by the 1889 act.

2. A son induced his wife to join with him in the conveyance to his father, without consideration, of 80 acres of land, after which 40 acres of other land, valued at $2,000, was purchased, subject to a $600 mortgage, and the deed taken in the son's name. The son and his wife occupied this 40 acres as a homestead up to the time of their separation, after which event the father, who had agreed to pay the $600 mortgage, secured a mortgage for $1,000 from his son on the 40 acres. He then sold the 80 acres, and, having secured an assignment of the $600 mortgage, commenced to foreclose both mortgages. The wife filed a bill under the statute to secure a separate maintenance, and on the hearing it appeared that the 80 acres was conveyed without consideration; that it was not intended as a gift to the father; and that, when the 40 acres was purchased, it was the understanding that it was to be paid for by the father, in consideration in part for the conveyance to him of the 80 acres. And a decree making the sum awarded for the wife's support a lien upon the 40 acres, with priority over both of the mortgages held by the father, is affirmed.

Appeal from Montcalm. (Smith, J.) Argued February 15, 1894. Decided April 10, 1894.

Bill to compel defendant Archer R. Tobey to make a suitable provision for the separate maintenance of complainant. Complainant and defendant Samuel H. Tobey appeal. Decree set aside, record remanded, and complainant permitted to amend her bill and re-enter the decree. The facts are stated in the opinion.

*Ellsworth & Rarden,* for complainant.

*FitzGerald & Barry,* for appellant Samuel H. Tobey.

*N. O. Griswold,* for defendant Archer R. Tobey.

McGRATH, C. J. Complainant is the wife of Archer R. Tobey, and defendant Samuel H. is father of Archer R. This bill is filed to compel the husband to make proper and suitable provisions for the support of the wife and her infant child, and joins Samuel H., alleging that certain fraudulent conveyances have been made by the husband to his father in fraud of complainant's rights. The court below gave a decree for complainant, from which Samuel H. and complainant appeal.

Upon a careful examination of the record, we are entirely satisfied that the evidence justified the conclusions arrived at by the court below upon the merits.

The parties were married May 21, 1890; and on May 24, 1890, Samuel H. conveyed to Archer R. 80 acres of land, valued at $4,000. On October 29, 1890, complainant was induced to join with her husband in a deed of this land back to Samuel H. No consideration passed from father to son for this conveyance, but complainant alleges that she was induced to join in the conveyance by representations made that the purpose was to purchase other land, or use the avails in mercantile business. Afterwards, on October 31, 1891, 40 acres of land, of the value of about $2,000, was purchased in the husband's name; and complainant and her husband went into possession of the land so purchased, and occupied it as a homestead until the time of the final separation, January 27, 1892. Samuel H. furnished the major portion of the money with which this purchase was made, except that the land was bought subject to a mortgage of $600. The evidence tends to show that Samuel H. was to take up this mortgage. After the separation of the parties, and on February 3, the husband gave a mortgage upon this 40 acres to his father, for $1,000, and it is alleged that this mortgage

was given to secure the moneys advanced by Samuel H.
with which to make the purchase. Samuel H. afterwards
sold the 80 acres of land first referred to, and procured
the assignment to himself of the mortgage of $600, and
commenced proceedings to foreclose both mortgages. The
decree directed the husband to pay to complainant a spe-
cific sum each year, in half-yearly installments, and makes
the decree a lien upon the 40 acres of land, giving it
priority over the mortgages held by Samuel H.

It is insisted that Act No. 243, Laws of 1889, does not
authorize the creation of the lien. But the second section
of the act empowers the court to grant an injunction
restraining the sale of the property, and provides that
notice of such injunction filed with the register of deeds
shall operate as an attachment of the property, and that,
to enforce its decree, execution may issue, and be levied
upon such real estate. How. Stat. § 6293, expressly pro-
vides that the payment of the sum fixed by the court may
be secured upon real estate. Act No. 149, Laws of 1885,
and Act No. 90, Laws of 1887, amended How. Stat. §
6291. Act No. 243, Laws of 1889, repeals Acts No. 90
and 149 aforesaid, and " all acts and parts of acts incon-
sistent herewith." Section 6293 is not expressly repealed,
and the exercise of the authority thereby conferred is not
inconsistent with the exercise of the power conferred by
Act No. 243, Laws of 1889.

It is next urged that the decree is not supported by the
allegations in the bill. The bill alleges that the convey-
ance of the 80 acres was made to defraud complainant, but
alleges simply the ownership of the 40 acres, and its occu-
pation as a homestead, and does not contain any allega-
tion as to the circumstances connected with its purchase,
or refer to the existence of the mortgages in question.
The bill is therefore defective. But it may be amended.
It is evident from this record that the 80 acres of land

was conveyed to Samuel H. without consideration; that it was not intended as a gift from son to father; and that, when the 40 was purchased, it was the understanding that it was to be paid for by the father, in consideration in part of the conveyance to him of the 80 acres.

The decree will be set aside, the record remanded, the complainant be permitted to amend, and the decree re-entered.

Respecting the amount decreed to complainant, the testimony bearing upon that subject is meager, and the court below was in a much better position to determine that question than we are. No costs will be allowed to either party.

GRANT, MONTGOMERY, and HOOKER, JJ., concurred. LONG, J., did not sit.