HENRY C. SCHUMACHER *et al.*

*v.*

SARAH BELL *et al.*

*Filed at Ottawa November 23, 1896.*

1. FRAUD—*though not presumed may be inferred from circumstances proved.* Fraud may be inferred from proof of facts and circumstances which are so strong as to produce conviction of the truth of the charge, although some doubt may remain.

2. SAME—*effect of absence of explanation of alleged fraudulent acts.* Where fraud is alleged, and proof is offered to raise an inference thereof, the fact that no explanation of the transactions is offered by the party charged is an additional circumstance to be considered, and from which inferences may be drawn.

3. APPEALS AND ERRORS—*errors must be insisted upon in opening brief.* When errors are not insisted upon by appellant in his opening brief it is too late to present them in a reply brief.

*Schumacher* v. *Bell*, 61 Ill. App. 644, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Kane county; the Hon. HENRY B. WILLIS, Judge, presiding.

This was a bill in chancery filed in aid of an execution, and to set aside certain conveyances of real and personal property and subject them to the lien of the execution.

Appellant Henry C. Schumacher had been surety on a dram-shop bond of one Jacob Helmuth, against whom a judgment had been rendered in favor of appellees on account of the unlawful sale of liquor to the husband of appellee Sarah Bell, and his consequent death by accident resulting therefrom. Subsequently, on February 25, 1892, suit was begun on the dram-shop bond on which Schumacher was surety. Previous and up to that time it is conceded that he was the owner of a large amount of personal property, aggregating in value something over $1500. He was also the owner of a farm of one hundred and three acres, worth about $6000 and free from incum-

brance, and also of a house and two lots in the town of Bristol. On February 27, two days after having been sued on the dram-shop bond, he transferred all of his personal property to his son, William, by a bill of sale, for a consideration of $1500. On the same day he, and Dorothea Schumacher, his wife, now dead, conveyed the Bristol house and lot, where they were then living, to their son, William, and he then conveyed it to his mother. On February 29, 1892, the summons in the dram-shop case was served on him, and on March 4, 1892, he and his wife, Dorothea, executed a mortgage for $3000 on their farm to their son, William, and the latter made an assignment of that mortgage to his mother, and on the same day Schumacher and wife made a deed of their farm to William for a pretended consideration of $6000, and he gave his father a mortgage for $6000. On March 12, 1892, other conveyances were made to correct errors. On March 23, 1892, a judgment was rendered for $3000 on the dram-shop bond, for the use of appellees and against said Henry C. Schumacher. On May 2, 1892, an execution was issued and served on Henry C. and a demand made for payment, and the sheriff, being unable to find any property, returned the execution unsatisfied, June 25, 1892. On June 25, 1892, another execution was issued and levied on the farm, and this bill was filed in aid of that execution. The bill alleges that all these conveyances were fraudulent and without consideration. On the filing of the bill a temporary injunction was ordered restraining defendants from making any further disposition of this property. Dorothea Schumacher died pending a hearing, and her heirs were made parties defendant. On application of defendants below the venue was changed to the circuit court of Kane county. On a hearing a decree was entered in accordance with the prayer of the bill, setting aside these conveyances and subjecting the farm levied on to the lien of the execution. The injunction was made perpetual till the judgment of appellees should have been

satisfied. On appeal to the Appellate Court for the Second District this decree was affirmed. To reverse this judgment this appeal is prosecuted to this court.

A. C. LITTLE, G. W. AVERY, and SAMUEL ALSCHULER, for appellants.

BENJAMIN F. HERRINGTON, for appellees.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

The only question urged by appellants in their original brief and argument filed in the Appellate Court and re-filed in this court is, that there was no sufficient proof of fraud in the execution of the bill of sale of personal property and in the conveyances of real estate from Henry C. Schumacher to his son, William, to justify the decree rendered by the circuit court.

Section 4, chapter 59, of Hurd's Statutes, provides as follows: "Every gift, grant, conveyance, assignment or transfer of or charge upon any estate, real or personal, or right or thing in action, or any rent or profit thereof, made with the intent to disturb, delay, hinder or defraud creditors or other persons, and every bond or other evidence of debt given, suit commenced, decree or judgment suffered, with like intent, shall be void as against such creditors, purchasers and other persons."

While it is an established rule of law that fraud is never presumed, but must be proven by the party alleging it, yet such proof need not necessarily consist of direct evidence. It may be shown by proof of attending facts and circumstances which raise the inference of fraud. (*Bear* v. *Bear*, 145 Ill. 21; *Treadwell* v. *McEwen*, 123 id. 253.) In the case of *Bryant* v. *Simoneau*, 51 Ill. 324, it was said by the court in the opinion (p. 327): "It is urged that fraud must be proved, and not inferred. This is true, but, like all other facts, it may be proved by circumstances. We should seldom, if ever, expect to prove

fraud by the admissions of a party, nor should we expect to find direct and positive evidence of the fact. Whatever circumstances, when proven, convince the mind that the fraud charged has been perpetrated, is all that is required. (*Bullock* v. *Narrott*, 49 Ill. 62; *Gray* v. *St. John*, 35 id. 222; *Boies* v. *Henney*, 32 id. 130.) While fraud can not be established by circumstances that merely raise a suspicion, yet when they are so strong as to produce conviction of the truth of the charge, although there may remain some doubt, then it is proved. This is believed to be the extent of the rule that fraud must be proved. Any other application of the rule would render it impracticable and useless. If it cannot have the force we have given it, and stand, then the demands of justice would require its abrogation. If it must prevail, and none but positive evidence could prove fraud, then the rule would not only promote, but it would aid in concealing, fraud. But such never can be the scope or effect of the rule."

Transactions tainted with fraud, or those which are, in effect, for the purpose of defrauding others, are generally secret in their nature. They are concocted for a purpose in its nature unlawful, and their various details and steps are attempted to be concealed from the public. Such fraudulent transactions are not susceptible of the same direct and positive proof as are other facts, and therefore the wise policy of the law provides that they may be so shown by proof of such circumstances from the existence of which the inference of fraud is presumed. Where a bill alleges fraud, and proof is offered which raises such inference, the fact that no explanation is offered of such transactions by the party charged is a further fact to be considered, and inference may be drawn therefrom. (*Draper* v. *Draper*, 68 Ill. 17.) In this case none of the conveyances sought to be set aside were made until after suit was brought against Henry C. Schumacher, and a portion of them were made after service of summons against him and but a few days before judgment. The

farm in question, worth $6000, in addition to a large amount of personal property, was conveyed to a son aged about twenty-three or twenty-four years, and who was, apparently, before the purchase, possessed of no property. No explanation was offered in any manner by defendants of these transactions. Without entering into the details of all the facts relied on, which would not, perhaps, be of value in any other case, it is sufficient to say that we agree with the findings of the circuit and Appellate Courts that there was but one object intended, and that was to defeat the collection of the judgment which was about to be rendered against appellant Henry C. Schumacher.

Appellants, in their brief filed in the Appellate Court and re-filed here, relied upon one error only to reverse the decree of the circuit court, and that was, that the fraud charged was not sufficiently proven. No authorities were cited to sustain the points argued.

After the filing of appellees' brief and argument a very extensive reply brief was filed, citing many authorities, and attempting to set up new errors not previously argued. Such practice is not permissible. (*Pratt* v. *Trustees*, 93 Ill. 475.) When errors are not insisted on by appellant in his opening brief, it is too late to present them in a reply brief. A practice of this kind would be very unfair to appellee, and would deprive the court of the benefit of any argument appellee might have made if the objection had been raised at the proper time. *Illinois Central Railroad Co.* v. *Heisner*, 45 Ill. App. 143.

We see no reason to disturb the judgment of the Appellate Court affirming the decree of the circuit court, and it is accordingly affirmed.       *Judgment affirmed.*

Mr. JUSTICE CARTWRIGHT took no part.