## Clark C. Fuller v. Caroline Smith.

1.  CHATTEL MORTGAGES—*Provisions of the Statute in Regard to Ex-
tension Construed.*—The statute in regard to the extension of chattel
mortgages does not require that the mortgagor shall file one affidavit
and the mortgagee another, nor are they required to attend personally to
the filing of the affidavit but may appoint some person who shall act as
the agent or attorney of both parties in the matter.  All that is required
is an affidavit setting forth particularly the interest the mortgagee has by
virtue of such mortgage in the property mentioned therein; the amount of

money remaining unpaid thereon; the fact that the mortgage debt has been extended; and the time when it will become due by the extension.

2. SAME—*Attempted Extension of a Chattel Mortgage Held Effectual.*— In a suit turning upon the validity of an attempted extension of a chattel mortgage the evidence showed the execution and recording of a complete affidavit containing all that the statute required, sworn to by the mortgagor, coupled with and attached to a written document signed by the agent of the mortgagee setting forth the same facts and extension. *Held* that the papers taken together constituted a substantial compliance with the statute, and that the mortgage was duly and legally extended.

3. APPELLATE COURT PRACTICE—*Errors Must be Insisted on in Opening Brief.*—An error not argued in the opening brief must be considered as waived although properly included in the assignment of errors.

**Replevin,** by a mortgagee against a sheriff. Appeal from the Circuit Court of Whiteside County; the Hon. JAMES SHAW, Judge, presiding. Heard in this court at the May term, 1897. Affirmed. Opinion filed September 20, 1897.

JARVIS DINSMOOR, attorney for appellant.

H. C. WARD and A. A. WOLFERSPERGER, attorneys for appellee.

MR. JUSTICE DIBELL DELIVERED THE OPINION OF THE COURT.

Omar E. Fanning owned certain personal property, and on March 14, 1896, being in debt to appellee in the sum of $731.88, he executed to her a note for said sum, bearing that date, due eight months after date, with interest at seven per cent per annum; and to secure said note executed and delivered to her a chattel mortgage upon said property, which mortgage was duly acknowledged, entered and recorded. The mortgagor retained possession of the property pursuant to a provision in the mortgage. On November 9, 1896, a few days before the mortgage and note would mature, the parties to said mortgage undertook to extend it as provided by the statute, and thereafter Fanning still remained in possession. After the date when the mortgage would have matured but for said attempted extension certain other creditors of Fanning, being of the opinion said attempted extension was invalid, caused executions upon judgments

they had recovered against Fanning to be placed in the hands of appellant, sheriff of Whiteside county, and pursuant to the directions of said creditors the sheriff seized said mortgaged property under said executions. Appellee by virtue of her mortgage replevied said property, and upon issues duly joined there was a trial without a jury and finding and judgment for appellee, from which judgment the sheriff appeals to this court.

The record requires us to determine whether there was a valid extension of the mortgage binding on third parties and other creditors. The statute with which the parties to the mortgage attempted to comply is R. S. 1874, Chap. 95, Sec. 4, as amended in 1891. It enacts that a chattel mortgage acknowledged and recorded as in that act provided shall, if *bona fide*, be good and valid from the time it is filed for record until the maturity of the entire debt or extension thereof made as there specified, such time, however, not to exceed two years from the filing of the mortgage, " unless within thirty days next preceding the expiration of such two years, or if said debt or obligation matures within such two years, then within thirty days next preceding the maturity of said debt or obligation, the mortgagor and mortgagee, his or their agent or attorney, shall file for record in the office of the recorder of deeds of the county where the original mortgage is recorded, also with the justice of the peace, or his successor, upon whose docket the same was entered, an affidavit setting forth particularly the interest which the mortgagee has by virtue of the mortgage in the property therein mentioned, and if such mortgage is for the payment of money, the amount remaining unpaid thereon, and the time when the same will become due by extension or otherwise; which affidavit shall be recorded by the said recorder, and be entered upon the docket of said justice of the peace, and thereupon the mortgage lien originally acquired shall be continued and extended for and during the term of two years from the filing of such affidavit, or until the maturity of the indebtedness or extension thereof secured by said mortgage; provided such time

shall not exceed two years from the date of filing such affidavit."

The mortgage in question had been entered upon the docket of W. H. H. Stewart, a justice of the peace, and recorded in the office of the recorder of said county. On November 9, 1896, there was filed with said justice of the peace, and on November 10th, in the office of the said recorder, a document which was entitled on the back, "Extension of Chattel Mortgage;" "Affidavits of Mortgagor and Mortgagee." The body of the paper was divided into two parts; the top part being headed, "Affidavit of Mortgagee;" and the lower part, "Affidavit of Mortgagor." The latter affidavit was duly signed and sworn to before said justice of the peace by the mortgagor. After particularly describing the mortgage, giving the names of the mortgagor and mortgagee, date of the instrument, book, page, date and place of record, the affidavit concludes as follows: "That the note secured by the said chattel mortgage matures on the 14th day of November next; that Caroline Smith has a valid lien upon the property mentioned in the said mortgage as mortgagee, to secure money loaned; that the amount remaining unpaid upon the obligation secured by said mortgage, including interest to this date, is $765.43, and that this affidavit is made for the purpose of extending the said mortgage, and the same is extended until the 14th day of February, A. D. 1897." The affidavit at the top of the paper begins as the affidavit of the said Caroline Smith, and after setting out similar details of the mortgage, proceeds as follows: "That the note described by the said chattel mortgage matures on the 14th day of November next; that as such mortgagee she has a valid lien upon the property mentioned in said mortgage to secure money loaned by mortgagee to mortgagor; that the amount remaining unpaid upon the obligation secured by said mortgage, including interest to this date, is $765.43, and that this affidavit is made at the request of said mortgagor for the purpose of extending the said mortgage, and the same is extended until the 14th day of February, A. D. 1897." The supposed defect

in the said last described affidavit is the signature, which is as follows: " Caroline Smith, by her agents, Krieder & Harpham (H.)." The jurat to said affidavit is as follows: " Subscribed and sworn to before me this 9th day of November, A. D. 1896, W. H. H. Stewart, justice of the peace." This was supplemented by oral evidence that John Harpham was the son-in-law of appellee; that he and A. L. Krieder were her agents in the months of October and November, 1896, and had been for more than two years last past, and transacted all her business, and that on November 9, 1896, John Harpham swore to said affidavit.

Before the adoption of the statute above recited, a debtor who had been given a chattel mortgage and was unable to pay the debt at maturity was subject to greater embarrassments and burdens than any other debtor who had given security. Any other debt could be extended by an agreement between the parties without the impairment of the security, but when a chattel mortgage came due the debt must be paid or the creditor must seize the property or lose his lien. If an extension was mutually agreeable to the parties it could not be effected except by giving a new mortgage at the risk. of letting in intervening liens. The law as it then stood was calculated to force foreclosures of chattel mortgages. The change in question was made for the purpose of permitting extensions of such mortgages without impairing the lien or requiring new instruments, and without danger of letting in later liens. To enable other creditors to know the chattel mortgage had been extended, to what time it was extended, and the amount still unpaid, it was provided that an affidavit of the extension should be filed both with the justice of the peace upon whose docket the mortgage had been originally entered and in the office of the recorder of the county. The statute does not require that the mortgagor shall file one affidavit and the mortgagee another; it does not require that the affidavit shall be the personal affidavit of either the mortgagee or mortgagor. All that is required is an affidavit setting forth particularly the interest the mortgagee has by

Fuller v. Smith.

virtue of such mortgage in the property mentioned in the mortgage, the amount of money remaining unpaid thereon, the fact that the mortgage debt has been extended, and the time when it will become due by the extension.   The mortgagor and mortgagee are not required to personally attend to the filing of such affidavit.   The statute assumes they may have some one person who shall act as the agent or attorney of both parties in filing such affidavit.   It is obvious the mortgagee could not always make such an affidavit from personal knowledge.   Loaners of money are often at a distance and act through agents.   If the note and mortgage were in the hands of an agent of the mortgagee, he alone might be able to state how much had been paid and how much remained unpaid.   This statute ought to receive a reasonable construction calculated to assist in the accomplishment of the objects aimed at by the amendment, and it should not be so construed that plain, common people will be unable to make a valid extension of a chattel mortgage.

The affidavit of Fanning is complete and perfect in form. By its data it fully identifies the mortgage and the debt to which it relates.   It was filed in both offices at the proper time in strict compliance with the statute.   It sets forth particularly the interest which the mortgagee has in the property by virtue of such mortgage; the exact amount remaining unpaid on the debt; that the affidavit is made for the purpose of extending the mortgage, and that the same is extended till February 14, 1897.   It is made by the mortgagor, the only person who can extend the mortgage.   It is true he can not by his own act alone extend the time when the debt shall mature.   That requires the joint action of himself or his agent or attorney and of the mortgagee or her agent or attorney.   But the statute does not require that there shall be filed an instrument executed by the parties extending the mortgage.   What the statute requires is that an affidavit shall be filed by the mortgagor and mortgagee stating the facts concerning the extension.   In this affidavit the mortgagor swears the mortgage is extended to February 14, 1897.   That is an affidavit of the fact, and an

affidavit of the fact filed by both parties or under such circumstances as to be binding upon both parties to the mortgage is all the statute requires shall be placed on record. The mortgagor's affidavit might be false, but so might be the affidavit of any one else. This affidavit does not bind the mortgagee without other proof; but the paper filed in her behalf, even if so defective that perjury could not be assigned upon it, and even if so defective as not to fill the definition of an affidavit, still was signed in her name by her authorized agents, and is binding upon her, and it also states the same facts, the same amount due and that the mortgage is extended till February 14, 1897, with the further fact that said paper is made at the request of the mortgagor. There is therefore a complete affidavit of the extension containing all that the statute requires, sworn to by the mortgagor, coupled with and attached to a written document signed by the agents of the mortgagee setting forth the same facts and extension. We are of opinion that these papers taken together constituted a substantial compliance with the statute, and that said mortgage was duly and legally extended, and that appellee was therefore entitled to possession of the said property under her mortgage. We therefore consider it unnecessary for us to determine whether John Harpham could be convicted of perjury upon the affidavit sworn to by him if the same were untrue, and whether said instrument is an affidavit within the meaning of this statute.

The question whether it was necessary for appellee to make a demand before bringing this suit is raised by an assignment of error, but it is not argued in the opening brief, and is therefore waived. Schumacher v. Bell, 164 Ill. 181; Harris v. Shebek, 151 Ill. 287; Wabash, St. L. & P. Ry. Co. v. McDougal, 113 Ill. 603; Illinois C. R. R. Co. v. Heisner, 45 Ill. App. 143. Judgment affirmed.