Kreider v. Fanning.

Reversed and remanded.

## Abraham L. Kreider et al. v. Omar E. Fanning.

1. FINDINGS BY THE COURT—*Not Sustained by the Evidence.*—The court reviews the evidence, and holds that it does not sustain the finding of the trial court that appellee repudiated and had a lawful right to repudiate the contract made in his name by his daughter, and therefore reverses the judgment.

Trover, to recover the proceeds of a sale. Appeal from the Circuit Court of Whiteside County; the Hon. JAMES SHAW, Judge, presiding. Heard in this court at the December term, 1897. Reversed and remanded. Opinion filed February 28, 1898.

H. C. WARD, attorney for appellants.

C. C. COLE and A. A. WOLFERSPERGER, attorneys for appellee.

MR. JUSTICE DIBELL DELIVERED THE OPINION OF THE COURT.

This was a suit in trover by Omar E. Fanning against Kreider & Harpham and Caroline Smith, to recover the proceeds of a general sale of personal property of Omar E. Fanning, over and above what was required to pay a chattel mortgage of Caroline Smith thereon. For a detailed statement of the contract and dealings which led up to said sale, we refer to our opinion in the case of Kreider et al. v. Frank C. Fanning, page 230 this volume. There was a plea of not guilty, jury was waived, and there was a finding and judgment for plaintiff for $368.80, from which defendants appeal. This case was submitted upon a written stipulation as to certain facts and details, and upon the evidence taken in said case of Frank C. Fanning against Kreider & Harpham and Caroline Smith, so far as said testimony bore upon certain issues in this case, and subject to the right to object and except to said evidence, as if offered for the first time in this case.

This judgment can only be sustained by holding that Omar E. Fanning repudiated, and had a lawful right to repudiate, the contract signed in his name by his daughter Phœbe. We hold the proof does not justify a verdict for appellee for these reasons:

First. He ratified said contract by swearing to the affidavit required for the extension of said chattel mortgage as provided for in said contract. His wife's testimony tended to show he was so ill he did not know what he was then doing. As he availed himself of the benefits of the extension, this position does not commend itself to us; and the

testimony of a single interested witness, not competent to testify in this case in behalf of her husband if objection had been made on that ground, can not overcome the certificate of the officer who administered the oath. Moreover, her testimony was followed by the statement of counsel, " I have offered this testimony with no purpose of impeaching the affidavit."

Second. Phœbe was shown by the evidence of several other parties to be transacting business for her father in other important financial matters about that time. This was not contradicted.

Third. • The contract was for his benefit and averted an immediate foreclosure of the chattel mortgage and the entry of judgments by confession and the levy of executions, and having been made after a consultation with all the family except the plaintiff, who was too ill to take part therein, and having been intended by the daughter for the benefit of her father, and after fully counseling her father's attorney, Wolfersperger, and having resulted beneficially to him, and not having been questioned by him from its date, October 19, 1896, till performance thereof was completed on February 26, 1897, it ought not now to be repudiated by him.

Fourth. So far as the evidence discloses he has never by word, by act, or by his own testimony in this or any other case, denied his daughter's authority to act for him, his responsibility for his daughter's acts, or his knowledge that she was transacting his business, except by the bare fact that this suit is brought in his name; and this one act after all the transactions were completed, it seems to us, ought not to be treated as a sufficient repudiation.

The judgment will be reversed and the cause remanded.