### Omar E. Fanning, use of, etc., v. Caroline Smith.

1. EXECUTION—*Effect of a Return Nulla Bona.*—When an execution is returned *nulla bona* its vitality is lost.

2. GARNISHMENT—*General Prerequisites.*—If a judgment debtor has no cause of action proceedings in garnishment can not be maintained.

3. SAME—*Amendment to Answer.*—A garnishee may file an amendment to his sworn answer stating material facts occurring after his original answer is filed.

Garnishment.—Error to the Circuit Court of Whiteside County; the Hon. FRANK D. RAMSAY, Judge, presiding. Heard in this court at the May term, 1899. Affirmed. Opinion filed July 20, 1899.

JARVIS DINSMOOR, attorney for plaintiff in error.

H. C. WARD, attorney for defendant in error.

MR. JUSTICE DIBELL delivered the opinion of the court.

Thomas O'Brien recovered judgment against Omar E. Fanning in the Circuit Court of Whiteside County, and had execution for the collection thereof, and the sheriff levied it upon certain chattel property of the judgment defendant. Caroline Smith replevied said chattels from the sheriff by virtue of a chattel mortgage given her by said Omar E. Fanning. Thereafter a contract was made by Omar E. Fanning with said Caroline Smith, and with Henry Smith and Kreider & Harpham, creditors of Omar E. Fanning, holding judgment notes, and with Frank C. Fanning, holding another chattel mortgage given by said Omar E. Fanning, whereby said chattel mortgage held by Caroline Smith was extended and a sale of the chattel property afterward made. The contract provided for both a chattel mortgage sale and a general sale of the personal effects of Omar E. Fanning, and that upon such sale being made Caroline Smith should first be paid and then Henry Smith and Kreider & Harpham, and that the surplus, if any, should go to Frank C. Fanning to apply upon his chattel mortgage debt. The full details of said chattel mortgage to Caroline Smith and its extension and of said contract are given in our statements and opinions in Fuller v. Smith, 71 Ill. App. 576, Kreider et al. v. Frank C. Fanning, 74 Ill. App. 230, and Kreider et al. v. Omar E. Fanning, 74 Ill. App. 239, to which we here refer for said particulars. O'Brien's execution was returned *nulla bona.* The sale was held and a surplus was left after Caroline Smith's chattel mortgage debt and expenses of its foreclosure. O'Brien then began this garnishee suit against her to reach the surplus. A jury was waived and the case was heard upon the original and subsequent interrogatories, the original and amended answers thereto of Caroline Smith, and certain documents. A judgment was rendered in favor of the garnishee, and O'Brien appeals.

Whether, if O'Brien had retained the execution in the hands of the officer until after the chattel mortgage sale, the officer could have claimed the surplus upon his writ, is

a question not presented by this record. The writ was returned *nulla bona* and lost its vitality, and the fact it was once levied upon the property does not affect the present rights of the parties.

It is argued it was error to permit Mrs. Smith to amend her answers. Omar E. Fanning began a suit against Kreider & Harpham and Caroline Smith to reach this very surplus, and recovered a judgment in the Circuit Court. The interrogatories in this case required an answer from Mrs. Smith as to said judgment, and she stated the facts in her original answer. Thereafter said judgment was reversed in this court. (Kreider et al. v. Omar E. Fanning, 74 Ill. App. 239.) Mrs. Smith then, by leave of court, filed an amended answer, setting up the reversal of said judgment, and the decision of this court that said contract, under the facts then before us, was binding upon Omar E. Fanning, and he could not recover the surplus, but it was to be applied pursuant to the contract. Certainly justice required Mrs. Smith should be allowed to make such an amendment, in which she did not change any allegation previously sworn to by her, but merely stated material facts which had occurred since the filing of her first answer.

There are two reasons why the court below ruled correctly in discharging the garnishee.

First, the uncontradicted statements of the answers show that Mrs. Smith never received any of the money arising from the sale of the personal property; that Kreider & Harpham, who did receive it, were her agents only to receive so much as would discharge her debt and the expense of foreclosure, and that the surplus they received and held in their own right, and as agents for Henry Smith, and lastly for Frank C. Fanning. Mrs. Smith has never had the surplus, and under the circumstances stated she is not responsible for it.

Second, in Kreider et al. v. Omar E. Fanning, *supra*, to which Mrs. Smith was a party, we held Omar E. Fanning could not recover the surplus. True, we remanded that cause for another trial, but there is no claim it has ever

been tried again, and it is very improbable that under the principles there laid down by us, he can ever make a showing which would entitle him to recover. In garnishment the recovery must be in the name of the judgment debtor for the use of the judgment creditor. If the judgment debtor has no cause of action the garnishment can not be sustained. As Omar E. Fanning can not recover the surplus, O'Brien can not reach it by garnishment as his judgment creditor. This record does not disclose any new facts entitling Omar E. Fanning to the surplus.

The judgment is affirmed.