## The Village of Barrington v. Flora B. Meyer.

1.  PRACTICE—*Measure of Damages.*—A proposition which states that if plaintiff's property sustained material damages from the raising of the grade, she was entitled to recover; that she should recover whatever amount the market value of said property was depreciated, by reason of the raising of the street; that in determining what, if any, damages the property sustained, it was proper to show the fair market value of the same before and after the street was raised, is correct as applied to the facts in this case.

2.  INSTRUCTIONS—*Changing Grade of Street.*—An instruction which states that a city has a right to lower or elevate the grade of its streets, with the view of fitting them for use as streets, and that lot owners can not recover damages for any injuries which may ensue, is properly refused.

**Trespass on the Case,** for damages caused by changing the grade of a street. Appeal from the Circuit Court of Lake County; the Hon. CHARLES H. DONNELLY, Judge presiding. Heard in this court at the April term, 1902. Affirmed. Opinion filed July 18, 1902.

FRANK ROBERTSON, attorney for appellant.

COOKE & UPTON, attorneys for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This was an action in case commenced November 1, 1895, by appellee against the village of Barrington, to recover damages for injuries claimed to have been caused by the raising of the grade of Main street in said village in 1893, in front of premises owned by her.

The original declaration, as amended, charged that prior to the elevation of the grade there was direct and convenient access to and communication between the premises of appellee and said Main street, which was of great benefit to the premises, and that by reason of the raising of the grade of said street the free and easy access to and from appellee's premises, and the direct communication between said premises and Main street, had been entirely destroyed and cut off; that by reason of said grievances appellee's premises had been greatly damaged, etc. Pleas of the gen-

eral issue and the statute of limitations were filed.    A jury was waived and the trial judge viewed the premises.    After the evidence was all in, the court, over objections by appellant, permitted appellee to file an additional count to her declaration.

The additional count charged that by reason of the change in the grade, appellee had been deprived of the lawful, accustomed and legitimate use and enjoyment of her premises and that the same had been greatly injured and depreciated in value.    To this count, pleas of the general issue and statute of limitations were also filed.

The court found for appellee and gave judgment in her favor for $500.    Complaint is made that the trial court erred in holding certain propositions of law submitted by appellee, and in refusing two of those submitted by appellant; that the evidence did not prove a cause of action and that there was error in permitting appellee to file the additional count.

The propositions of law held for appellee of which appellant complains, stated that if appellee's property sustained material damages from the raising of the grade, she was entitled to recover; that she should recover whatever amount the market value of said property was depreciated by reason of the raising of the street; that in determining what, if any, damages the property sustained, it was proper to show the fair market value of the same before and after the street was raised.    The evidence introduced related to such damages as caused actual injury to the use and enjoyment of the property.    Appellee neither claimed in her declaration nor sought to show any damages of a different character.    We think the propositions of law offered by and given for appellee, as applied to the facts in the case, were correct, as showing what constituted a cause of action and the manner of determining the measure of damages.

There was a proposition of law held by the court for appellee, in reference to the effect upon the case of the view of the premises by the trial judge, which seems to be in conflict with the case of Vane v. City of Evanston, 150 Ill.

616. The question of the correctness of this proposition was not argued, however, by appellant in his original brief and therefore will not be considered by us here. Schumacher v. Bell, 164 Ill. 181; B. & L. Ass'n v. Ayers, 71 Ill. App. 529.

The propositions refused for appellant, of which it complains, state in effect that a city has a right to lower or elevate the grade of its streets, with the view of fitting them for use as streets, and that lot owners can not recover damages for any injuries which may ensue. These instructions did not state the law correctly and were properly refused. City of Bloomington v. Pollock, 141 Ill. 346.

There was abundant evidence to show that appellee's premises had been damaged by the change of grade in the street and that the amount allowed by the court was not excessive. Appellant's claim that there was a variance between the proofs and the original count of the declaration, as amended, is not sustained by the record. One of the charges in that count was, that free and easy access to and from appellee's premises and Main street, had been destroyed and cut off. Proof was introduced by appellee, however, tending directly to prove this charge of the declaration. Appellant also contends that a recovery under the additional count of the declaration, which was filed after the evidence was in, was barred by the statute of limitations. It is true that the injuries complained of occurred more than five years prior to the time the additional count was filed. This count, however, stated no new cause of action, but merely restated the same cause of action, setting out the damages resulting therefrom in a different manner. Such being the case, the statute of limitations did not apply to the additional count and there was no error in permitting it to be filed.

The judgment of the court below will be affirmed.