## HARTSHORN v. HARTSHORN.

No. 7483—Opinion Filed Feb. 17, 1916.

(155 Pac. 508.)

(Syllabus.)

1. **Divorce—Alimony — Allowance Pending Appeal—Power of Supreme Court.**

The Supreme Court under its appellate jurisdiction in cases in equity, as an incident to the exercise of such jurisdiction, has authority in actions pending on appeal in said

court to review decrees in divorce proceedings; to grant alimony pending the determination of such appeal, and also the necessary counsel fees and suit money for the prosecution of such proceeding.

**2. Same—Execution.**

Where the Supreme Court, in a proceeding to review the decree in an action for divorce, awards to the plaintiff in error certain sums as alimony pendente lite and for attorney's fees for the preparation and prosecution of her appeal, this court may order and decree that plaintiff in error recover said sums from defendant in error as a money judgment and may award execution to enforce the payment thereof.

Action by Emma Hartshorn against Eugene Hartshorn. Property of defendant was seized and sold under an execution issued on an order of the Supreme Court allowing plaintiff alimony pendente lite and attorney's fees, and she moves to confirm sheriff's sale. Motion sustained.

J. S. Estes and Chas. L. Moore, for the motion.

Moman Pruiett, opposed.

HARDY, J. From a decree of the district court of Oklahoma county denying plaintiff in error a decree of divorce and alimony, she prosecutes this proceeding. Upon filing the petition in error with case-made attached in this court, the defendant in error entered a general appearance herein; and thereafter, on the 16th day of November, 1915, upon application of plaintiff in error, an order was made awarding to her certain sums as alimony pendente lite, and an allowance for attorney's fees in this court. Defendant in error, failing and refusing to comply with said order, upon due notice was adjudged to be in contempt of court, and this court further decreed that plaintiff in error have and recover of and from said defendant in error forthwith the sum of $960 for her support and maintenance for the period of one year, and the further sum of $500 as her attorney's fees for the preparation and prosecution of the appeal herein, and decreed that the same be entered as a money judgment on the records of this court, to be levied upon and enforced against the lands, tenements, goods and chattels of said defendant in error, and directed the clerk of this court to deposit with the court clerk of Logan county an attested copy thereof in accordance with the provisions of section 5148, Rev. Laws 1910, and to issue and deliver execution for the enforcement and collection of said judgment. A certified copy of the decrees was duly filed in the office of the court clerk of

Logan county, and execution issued by the clerk of this court, directed to the sheriff of Logan county, and, acting under and in pursuance of said execution, the sheriff of Logan county levied same upon certain real estate of defendant in error and duly sold the same, and the matter is now presented on motion of plaintiff in error for the confirmation of such sale, and for an order directing the sheriff of Logan county to execute deed to the purchaser.

The authority of this court as an incident to the exercise of its appellate jurisdiction, in actions pending on appeal in this court to review decrees in divorce proceedings, to grant alimony pending the determination of such appeal, and also necessary counsel fees and suit money for the prosecution of such proceeding, was determined in the case of Kostachek v. Kostachek, 40 Okla. 744, 124 Pac. 761. Having authority to make the order, the court necessarily would have the authority to enforce compliance therewith; otherwise the order will be of no avail. While the ordinary way of enforcing obedience to orders for the payment of alimony and counsel fees is by attachment for contempt, in this case it has been made to appear that the defendant in error, in order to avoid such process of this court, has gone beyond the limits of the state, and therefore cannot be reached by such remedy. Is the court under these circumstances without power to afford plaintiff in error the relief decreed, and to enforce its own orders and judgments made in the premises?

It has been declared by the Supreme Court of the United States that a decree for alimony becomes a judicial debt of record against the husband. Barber v. Barber, 21 How. 582, 16 L. Ed. 226. And the same general doctrine is supported by the following authorities: Allen v. Allen, 100 Mass. 373; Chase v. Chase, 105 Mass. 385; Morrison v. Morrison, 49 N. H. 69; Wood v. Wood, 61 N. C. 538.

It is a proposition supported by numerous authorities that a decree awarding alimony in a divorce proceeding may be enforced by execution. Keezer on Marriage & Divorce, § 279; Bishop on Marriage, Divorce & Separation, § 1114; Cummings on Marriage & Divorce, Laws of Mass. §§ 174-194; 21 Cyc. 1609; Menzie v. Anderson, 65 Ind. 239; Bear v. Bear, 145 Ill. 21, 33 N. E. 878; Bell v. Walsh, 130 Mass. 163; Tobey v. Tobey, 100 Mich. 54, 58 N. W. 629; Dinet v. Eigenmann, 80 Ill. 274; Orrok v. Orrok, 1 Mass. 341; Taylor v. Gladwin, 40 Mich. 232;

Sheafe v. Laighton, 36 N. H. 240. And such a decree may be made a lien upon the real estate of the husband, and the real estate may be sold to enforce the payment thereof (Johnson v. Johnson, 125 Ill. 510, 16 N. E. 891; Blankenship v. Blankenship, 19 Kan. 159) ; and an order for alimony pendente lite may be enforced by similar process (Wood v. Wood, 61 N. C. 538; Raines v. Raines, 138 Ga. 790, 76 S. E. 51; Keezer on Marriage & Divorce, § 279; Bishop on Marriage, Divorce & Separation, § 1094).

By section 5148, Rev. Laws 1910, it is provided that judgments of courts of record in this state, except county courts, and of the courts of the United States rendered within this state, shall be liens upon the real estate of the debtor, within the county in which the judgment is rendered, from and after the date the judgment is entered on the judgment docket, and that an attested copy of the journal entry of any such judgment may be filed in the office of the court clerk of any county, and such judgment thereupon shall be a lien on the real estate of the debtor within that county from and after the date of filing and entering such judgment on the judgment docket; and it is further provided that execution for the enforcement of such judgment shall only be issued from the court in which the judgment is rendered or in which a transcript of a county court judgment is filed. This court is a court of record, and its judgments are embraced within the terms of the statute above referred to, and its decree awarding said sum to plaintiff in error, when filed in the office of the court clerk of Logan county, became a lien upon any real estate in said county belonging to defendant in error. By section 5149 the clerk is authorized to issue execution upon said judgment, directed to the sheriff of Logan county, and section 5154 provides that the execution issued from any court of record shall command the officer to whom it is directed that of the goods and chattels of the debtor he cause to be made the sum of money specified in the writ, and for want of goods and chattels he cause the sum to be made of the lands and tenements of the debtor.

It therefore appears that this court had authority to enter the decree awarding plaintiff in error alimony pendente lite, and that such judgment, when certified copy thereof was filed with the court clerk of Logan county, became a lien upon the real estate of defendant in error located in such county, and that the clerk of this court was authorized to issue an execution upon such judgment directed to the sheriff of Logan

county commanding and directing him to cause the sum therein named to be made out of the goods and chattels, and for want of goods and chattels, of the lands and tenements of said defendant in error. And, it appearing that the proceedings of the sheriff under and by virtue of said writ of execution are in all things regular and according to law, the clerk of this court is directed to cause an entry to be made upon the journals of this court, that said sale is in all things approved and confirmed, and the sheriff of Logan county is hereby authorized and directed to execute and deliver to the purchaser a good and sufficient deed conveying all the right, title, and interest of said defendant in error, Eugene Hartshorn, in and to the following described lands and tenements, returned by said sheriff as having been sold under and by virtue of said writ, to wit: Lots 23 and 24 in block 61 in the city of Guthrie, Logan county, Okla.

All the Justices concur.