Helden vs. Helden.

---

JESSE HELDEN, Appellant, *vs.* LOUIZA A. HELDEN.

| 9 | 557 |
| 107 | 342 |

APPEAL FROM CIRCUIT COURT, DANE COUNTY.

*Appeal—Alimony—Surety.*

The supreme court will grant an order making an allowance out of the estate of the husband in favor of the wife in order to enable her to defend against special proceedings instituted by the husband after the decree for divorce The rule is the same, where the controversy arises after a decree for divorce, as before.

Where a party has filed an undertaking to perfect an appeal and the sureties have neglected to justify as to their responsibility, the court will grant leave to the appellant to procure the justification.

Though a party appellant may dismiss his appeal, upon the payment of costs, yet the court will not permit him to withdraw the undertaking filed to procure the appeal.

This case was before this court, 7 Wis. Rep., 296, upon an appeal from an order dismissing a petition for the reduction of alimony granted in a divorce case; where it was decided that the order of dismissal be reversed, and the cause was remanded for further proceedings. The facts of the case are there sufficiently stated for an understanding of the present appeal and motions. After the remanding of the cause, the respondent petitioned the circuit court for counsel fee and for costs, and procured an order to be made in that court, requiring the appellant to pay to her, or her attorney, the sum of $200, for attorney and counsel fee in this cause, to defend against the application for an issue and trial for adultery on her part; and also to pay the fees of the clerk, sheriff and re-

spondent's witnesses, taxed at $43 97 ; and, further, ordering an execution to collect the amount. The order denied that portion of her petition which asked for the repayment of the costs collected of the respondent upon an execution from the supreme court for the costs of the appellant in the former appeal, but without prejudice to her rights to make application in that court for such relief in relation to the matter as she may be entitled to.

From that order this appeal is taken ; and on the 6th of July, 1859, the appellant executed an undertaking, with two sureties, who justified in the sum of $1,000 each.

On the 19th of August, *Hopkins* again moved the court " for a rule or order allowing the defendant temporary alimony during the pendency of this cause in this court, on appeal, and for an order allowing her costs to defend the appeal taken from the judgment," &c., "and for such other order," &c. This motion was accompanied with an affidavit of the defendant showing her want of means to defend this appeal.

*By the Court*, DIXON, C. J.   The motion in this case must he allowed, and the defendant and appellant must pay to the respondent, within twenty days, her costs, amounting to $93 74, and the same alimony which he was required to pay by the judgment of the circuit court.

After the case had come into this court, on the 14th of July, 1859, *J. C. Hopkins*, for the respondent, gave notice of exceptions to the sufficiency of the sureties.   This matter being brought before the court, a motion was made by *Johnson, Harris & Rollins*, for the appellant, for an order for time to bring in his sureties to justify.   This was accompanied with affidavits showing cause why the sureties had not justified before.

*By the Court*, DIXON, C. J.   The motion of appellant is allowed; if he shall procure his bail to justify within ten days from this 16th day of August, 1859.

On the 1st of November, the attorneys for appellant moved the court for leave to dismiss the appeal and withdraw the

appeal bond filed herein, and also for an order releasing the sureties on the appeal bond, upon his paying the costs already made.

The attorney for the respondent opposed this motion, so far as the release of the sureties were concerned.

*By the Court,* Dixon, C. J. The appellant may dismiss his appeal upon the payment of the costs of the appeal. But that part of his motion to withdraw his appeal bond must be denied. The respondent is entitled to the security given in this bond.