MARY NARY v. A. J. BRALEY, ADMINISTRATOR OF EDWARD NARY.

*Supreme Court.    Temporary Alimony.    Divorce.*

An action on an order and decree for temporary alimony pending a libel for divorce, can
· not be maintained by the libelant against the estate of the libelee, where the li-
· belee deceased after the decree was made and before any part of the alimony became
due and before any order to enforce collection had been made.

APPEAL from the disallowance by the commissioners on the estate of Edward Nary, of a claim presented by the plaintiff. Tried by the court, upon a declaration in debt filed in the probate court for the district of Washington, at the March term, 1868, PECK, J., presiding.

The case was tried without any plea being filed, and the facts were agreed to, and are as follows.

The plaintiff brought her petition for divorce against her husband, Edward Nary, at the August term, 1866, of the supreme court for the county of Washington, held August 14. Testimony had been taken and filed, and the cause was ready to be heard on the last day of the term, August 17, when it was ascertained from the decision of the court in another cause, that the proof of the marriage obtained for use in the plaintiff's cause, was defective, and her cause had to be continued. Thereupon, on said August 17, the plaintiff's counsel filed in said divorce cause a petition for alimony, which was granted by the supreme court to the amount of one hundred dollars.

The petitionee died September 1, and fourteen days after said order for alimony was made, and his widow, the plaintiff, presented to the commissioners a claim against her husband's estate for $53.    Her claim is described in the commissioners' report, as "Decree for temporary alimony and funds to maintain litigation." The items constituting the $53, were $25.51 for cost paid out by her attorneys for taking testimony and for clerk's fees, and $27.49 for their charges as counsel in the litigation.    Of this sum, $6 accrued after the adjournment of said supreme court and at the next term of said court, and $47 before the order was made, including, however, the cost of that term at which the order was made.

The county court rendered judgment for the plaintiff for $53 and the interest on the same from May 21, 1867, the date the report of the commissioners was filed in the probate office.   To this decision of the court the defendant excepted.

*Heaton & Reed* and *Heman Carpenter*, for the defendant.

*James N. Johnson* and *George M. Fisk*, for the plaintiff.

The opinion of the court was delivered by

WILSON, J.   This action is debt on an order and decree of the supreme court for temporary alimony.   We are of opinion that the action can not be sustained.   The statute (Gen. Sts., p. 468, § 1) under which the decree was made, provides that, "After the filing of a libel for divorce, the court in which the same shall be pending may, on application of either party, make such order and decree in regard to temporary alimony and funds to maintain the litigation during the pendency of such libel, as to the court shall seem just."   The docket entry of the decree, which, it is conceded, is the only decree made by the court, or record of it, is as follows:   " Petition for alimony.   Temporary alimony decreed to the petitioner to the amount of $100 ; $25 to be paid in 20 days, $25 in three months, and $25 each three months thereafter till all is paid."   The decree, on which this action is founded, was, during the pendency of the libel, entirely and exclusively within the jurisdiction and discretion of the supreme court, to rescind or modify the decree or enforce the collection of it.   A decree of this nature creates no debt due absolutely, but it is contingent so long as the libel is pending, or until process for its collection has been ordered by the court that made the decree.   And when the libel is finally disposed of, before payment of temporary alimony and before process is ordered and issued for its collection, the decree for such alimony is wholly inoperative.   Payment of such decree may be enforced by attachment or execution by order of the supreme court, if not paid when due, or it may be enforced by proceedings for contempt or disobedience of the decree.   Section 41 of chapter 70 of the General Statutes provides that " The

supreme court may, in all cases where the course of proceeding is not specially prescribed, hear and determine all matters coming within the purview of this chapter, according to the usages of law applicable to such cases, and may issue process of attachment and of execution, and other proper process, necessary for the dispatch and final determination of such causes." But the mere fact that such decree was made, gives no right of action, nor can any process be issued to enforce payment, unless by order of the court that made the decree. On the question whether an order to enforce collection of such decree should be made, the adverse party could claim the right to be heard; or where an order was made at the time of making the decree, to enforce its collection, the petitionee might show cause, intervening between the making of the decree and the time named for its payment, why the decree should be rescinded, modified or suspended. Edward Nary died in fourteen days after the decree was made, and before any part of it became due. At the time of his death no order to enforce collection of the decree had been made or even applied for, and no right to issue process against him for the money, had accrued. In his lifetime she could maintain no suit against him to recover temporary alimony. It could not have been the intention of the legislature, that the collection of temporary alimony should be made the subject of a suit before another court, in which, by protracted litigation in order to collect the money, the object of the statute in according temporary alimony, would be wholly defeated; but a more summary mode of collecting it was intended, by which the party entitled to the benefit of the decree, might receive present aid. The death of Edward Nary discontinued the plaintiff's libel for divorce, and thereby the decree, under the circumstances, became inoperative and void.

The judgment of the county court is reversed, and judgment for the defendant to recover his costs.