# HENRIETTA ANDREW *v.* GEORGE ANDREW.

*Payment of alimony may be enforced by imprisonment. Petition for that purpose. Citation.*

1. The County Court may enforce a decree for the payment of permanent alimony by imprisonment for contempt.

2. A petition to that end, brought at a term subsequent to the making of the decree, should be treated as a proceeding in the original suit.

3. The petition need not allege that the petitionee is of sufficient ability to pay the amount due.

4. A justice of the peace is not authorized to sign the citation attached to such a petition, but if the petitionee appears and demurs, that defect will be waived.

Petition that the petitionee be adjudged in contempt for the non-payment of alimony. Heard upon demurrer at the December Term, Bennington County, 1888, TAFT, J., presiding. The demurrer was overruled and the defendant excepted. The case appears in the opinion.

*Waterman, Martin & Hitt,* and *W. B. Sheldon,* for the defendant.

The County Court has no jurisdiction in divorce proceedings except that conferred by statute. The statute does not confer the right to imprison for the non-payment of alimony. It is provided that the County Court may issue process to carry its decree into effect. Almost exactly the same power is conferred upon Probate Courts. R. L. ss. 2034–5.

It is held that this does not confer authority to imprison. *In re* Bingham, 32 Vt. 329; *Leach* v. *Peabody,* 58 Vt. 485.

The decree for alimony created a judgment debt, which could only be enforced like any other. 52 Am. Rep. 779; 77 Me. 373.

It must appear that the petitionee is of sufficient ability to pay the alimony. *Newhouse* v. *Newhouse,* (Ore.) 12 Pac. Rep. 422; *Allen* v. *Allen,* (Iowa) 34 N. W. Rep. 303; *Noland* v. *Noland,* 29 Hun. 630; XIV U. S. Dig. (N. S.), 432–437.

*Batchelder & Barber*, for the petitioner.

The statute provides that the County Court may make decrees as to alimony and carry those decrees into effect.

This must involve the power to imprison if found necessary.

This does not conflict with exemption from imprisonment for debt. A decree for alimony is not a judgment debt. 2 Bish Mar. & Div. 428; *Lyon* v. *Lyon*, 21 Conn. 185; *Sheafe* v. *Sheafe*, 36 N. H. 155; *Morrison* v. *Morrison*, 49 N. H. 73; *Ex parte Perkins*, 18 Cal. 64; *Wightman* v. *Wightman*, 45 Ill. 165; *Spitler* v. *Spitler*, 108 Ill. 124; *Menzie* v. *Anderson*, 65 Ind. 239; *Campbell* v. *Campbell*, 37 Wis. 206; *Bacon* v. *Bacon*, 43 Wis. 203; *Pain* v. *Pain*, 80 N. C. 322.

Courts in other States under similar statutes have sanctioned the right to compel the payment of alimony by proceedings for contempt. *Lyon* v. *Lyon*, *supra*; *Ex parte Perkins*, *supra*; *Wightman* v. *Wightman*, *supra*; *Eidenmuller* v. *Eidenmuller*, 37 Cal. 364; *In re Wilson*, 75 Cal. 582; *Buck* v. *Buck*, 60 Ill. 105; *O'Callahan* v. *O'Callahan*, 69 Ill. 552; *Blake* v. *People*, 80 Ill. 11; *Park* v. *Park*, 18 Hun. 466; 80 N. Y. 156; *Strobridge* v. *Strobridge*, 21 Hun. 290; *Purcell* v. *Purcell*, 4 Hen. & Mun. 507.

This same right was admitted in *Slade* v. *Slade*, 106 Mass. 500; *Sheafe* v. *Sheafe*, 36 N. H. 155; 48 N. H. 410.

The petitionee being properly before the court cannot object that the citation was defective. *Ex parte Cottrell*, 59 Cal. 418; *O'Callahan* v. *O'Callahan*, 69 Ill. 552.

The opinion of the court was delivered by

Munson, J. The county court is the tribunal appointed by statute to hear and determine libels for divorce. It is authorized to issue process of attachment and execution, and other proper process, necessary for the dispatch and final determination of such causes. After a libel for divorce is filed, the court may order the payment of temporary alimony. Upon a dissolution of marriage it may decree to the wife such part of the real and personal estate of the husband, or such sum of money to be paid

in lieu thereof by the husband, as it deems just. It is also empowered to require sufficient security to be given for the payment of alimony according to the terms of its decree. It may order the money into the hands of trustees, and direct the manner in which the income shall be applied to the support of the wife and children. After a decree in regard to alimony, the court may from time to time, upon the petition of either party, revise and alter such decree, either as to the amount or the manner of payment. R. L. 2368, 2377, 2381, 2383, 2385, 2386.

The petitioner, on obtaining a divorce from the petitionee, was decreed alimony in the sum of three hundred dollars, payable in annual instalments of fifty dollars each. The petitionee failed to pay the first instalment when due, and upon a subsequent demand refused to make such payment. This petition is brought to procure the enforcement of the order by the punishment of the petitionee for contempt. The petition is demurred to.

The question for consideration is, whether the court is authorized to enforce the payment of permanent alimony by proceedings for contempt. It is by no means certain but that express authority for this course may be found in R. L. 2368; but the argument has proceeded upon the ground of implied authority, and as we consider the position taken by counsel for petitioner fully sustained by reason and precedent, we dispose of the question upon the ground which has been argued, without passing upon the exact effect and application of the section referred to.

The position of the petitionee is that there is no provision in the statute which authorizes the enforcement of a decree for the payment of permanent alimony by means of this process, and that the court has no power beyond that expressly conferred by the statute. It is true that the jurisdiction of the county court in divorce proceedings is statutory, but this does not justify the conclusion that its power is limited by the letter of the statute. That the jurisdiction is not statutory in the strict sense contended for is apparent from the case of *LeBarron* v. *LeBarron*, 35 Vt. 364. We learn from the opinion in that case that before the

passage of any statute authorizing the granting of temporary alimony, the supreme court, in which the divorce jurisdiction was then lodged, granted such alimony, on the ground that the power to do so grew out of the nature of the proceeding and was necessary to prevent a failure of justice. The case above named was a libel for annulment on the ground of impotence, and the court ordered a medical examination of the petitionee, although there was no provision in the statute authorizing it. It was urged upon the court that its jurisdiction was statutory, and that it had no power to require what the statute did not authorize. But the court considered that when the Legislature made impotence a ground for annulment it conferred the power necessary to ascertain the fact, and that the power was to be exercised in accordance with the practice of the English ecclesiastical courts so far as that practice was applicable to our circumstances and laws. In that case the court found in the established course of the ecclesiastical tribunals a practice which it thought consistent with our institutions, and so was enabled to give effect to the statute through methods of procedure derived from the English law. It is not claimed that any aid towards the enforcement of the order in this case can be obtained from that source. The former English practice of enforcing the payment of alimony by excommunication is not applicable, and the English statutes providing other methods of enforcement are too recent to be a part of our common law. But the right to make the statute effectual does not depend upon the finding of suitable process in the English law or practice. No further power is required than that incidentally conferred by the Legislature. In the absence of any other provision, the authority to make the order carries with it the power to enforce it. When the process employed for the enforcement of like orders by the ecclesiastical courts is inapplicable, the court will adopt such other adequate means of enforcement as may be justified by the general principles of civil procedure. 2 Bish. Mar. & Div. s. 498.

The position taken by counsel for petitionee leaves them nothing to suggest except that the decree is a judgment upon which suit may be brought; and it is said that a collection may

thus be effected by the ordinary process of attachment and exe-cution, and that if no property can then be found the judgment will still stand against the petitionee. If this means of redress is available, the inadequacy of the proceeding is too apparent to permit a belief that the Legislature intended to leave the suitor without other remedy. The libellee in a divorce suit may place his property beyond the reach of attachment. The property on account of which the alimony is decreed may be exempt from attachment. The jurisdictional limit may compel the libellant to sue in an inferior court, and after obtaining judgment she may be brought into the court where the decree was made, as an appellee. The suit, wherever brought, will be subject to such delays and contingencies as are possible in a proceeding of that character. Meanwhile the libellant must care for herself and children as best she may, while the libellee retains the money which the court has assigned for their support. But in view of the nature of the decree it may be questioned whether an action upon it can be maintained. Many of the reasons given in *Nary* v. *Braley*, 41 Vt. 180, why debt can-not be maintained upon an order for temporary alimony, are equally applicable to a decree for permanent alimony. Such a decree is not beyond recall, even as to a sum past due. It remains within the control of the court which made it. Its terms are subject to alteration from time to time upon the application of either party. The allowance may be reduced on account of the misconduct of one party or the financial misfortunes of the other. It is possible that a decree subject to modification in this manner cannot be treated as a judgment to be collected by suit. It has been held in Massachusetts that a decree for alimony made in that State cannot be collected by suit in the courts of that State. *Allen* v. *Allen*, 100 Mass. 373. But if the remedy by suit should be held to be available, it certainly would not be the only remedy. The provisions of the statute plainly indicate that it was the intention of the Legislature that an order for the pay-ment of alimony should be directly enforceable in some manner by the court making it.

But counsel insist that an enforcement by the arbitrary process of commitment for contempt cannot have been within the contemplation of the Legislature. It is said that this would deprive the petitionee of the benefit of the statutes relating to imprisonment for debt, and that in view of the course of legislation upon that subject the court ought not to consider the process authorized by implication. This argument is based upon the assumption that the obligation of the petitionee is of the nature of an ordinary indebtedness, and that the decree in no way differs from an ordinary decree for the payment of money. We consider this view erroneous. It is true that a libellant who has obtained a decree for alimony is treated as a creditor of the libellee, within the meaning of the statute against fraudulent conveyances. *Foster* v. *Foster*, 56 Vt. 540 ; *Morrison* v. *Morrison*, 49 N. H. 69. But alimony, or an allowance in the nature of alimony, has been repeatedly held to be not a debt within the meaning of provisions prohibiting imprisonment for debt. *Sheafe* v. *Sheafe*, 36 N. H. 155 ; *Ex parte Perkins*, 18 Cal. 60 ; *Pain* v. *Pain*, 80 N. C. 322 ; *Wightman* v. *Wightman*, 45 Ill. 167. Alimony is decreed to the wife as a provision for future support. The right grows out of the domestic relations of the parties. It is the duty of the husband to support the wife. That duty does not cease upon the dissolution of the marriage for his misconduct. It is the duty of the father to provide for his children. He is not relieved from that duty when their custody is given to the mother. The court is therefore authorized to decree to the wife so much of the estate of the husband, or such sum of money to be paid in lieu thereof, as it deems just. The decree is not because of an indebtedness, but is on the ground of personal duty. It may be varied from time to time as the measure of the duty varies with the conduct or circumstances of the parties. *Campbell* v. *Campbell*, 37 Wis. 206 ; *Buckminster* v. *Buckminster*, 38 Vt. 248. It is evident that this is something more than the mere ascertainment of an amount due, which the petitioner is at liberty to collect if she can. It is an assignment of property which the court under

Andrew *v.* Andrew.

takes to put her in possession of. The money is to be paid by the petitionee in lieu of a part of his estate. The decree is in its nature specific. For a refusal to comply with such an order, commitment for contempt is a proper and sometimes the only adequate remedy. We consider the case of *Lyon* v. *Lyon*, 21 Conn. 185, which is mainly relied upon by the petitioner, a full authority in support of this position. Our attention is called to the fact that the tribunal granting the divorce in that case was a court both of law and equity. But it was considered that the jurisdiction conferred upon it in matters of divorce was of a special character, and that it was unnecessary to determine whether its proceedings therein were of a legal or an equitable nature.

This method of enforcement is spoken of by counsel as unusual and extraordinary. There is, however, nothing unusual in the use of process of commitment for this purpose. In some States it is directly authorized by statute. In others it is held to be proper without statutory authorization. It is among the remedies available under the present English divorce act. And, if we look beyond the proceedings of the ecclesiastical court, we find it was the ultimate means of enforcement under the common law practice. The ecclesiastical court pronounced its sentence of excommunication against the disobedient party. The common law added to his spiritual disabilities an incapacity to be a witness or to bring a suit. But the matter did not necessarily rest upon this deprivation of his privileges as a Christian and a citizen. If he did not submit within a certain time, upon proper application a writ issued out of chancery, upon which he was committed to jail and there detained until he complied with the requirements of the ecclesiastical court. The process was different, but the results to the contumacious party were the same. 3 Bl. Com. 101.

The purpose of the statute and the interests depending upon it are such that we have no hesitation in sanctioning a resort to this means of coercion. A prompt compliance with the decree

Andrew *v.* Andrew.

of the court is of the utmost importance, both to the individuals for whose benefit the decree is made and to the public at large. The law, for a sufficient reason, divides the family. The children of tender age are ordinarily placed in the care of the mother. The property is usually in the hands of the husband. The support of the wife and children may depend entirely upon the allowance made by the court. It was unquestionably the intention of the Legislature to invest the court with such power as would enable it to make this provision certain, and easily and readily available.

This is the first time that the matter of enforcing the payment of permanent alimony has been before this court. We think compulsory process has seldom been found necessary. County courts have sometimes enforced these decrees by attachment for contempt, and have sometimes ordered that executions issue for their collection. In many cases the latter process may be adequate. But we are clearly of the opinion that the power of the court extends to the use of the process which is likely to be effectual in all cases, and that it is not necessary to exhaust other possible remedies in order to become entitled to this.

It is claimed that this petition is defective because it does not allege that the petitionee is able to make the payment. We see no reason for requiring the petitioner to allege and prove that fact. It is to be presumed that the order is a proper one. It is enough for the petitioner to show that the petitionee has refused to obey it. If for any reason a compliance with it is impossible, that is for the petitionee to show. The statute gives the petitionee the right to apply for a modification of the decree at any term. He can upon the hearing on this petition show cause why he should not be committed. The proceeding is designed to give him notice and an opportunity to be heard, before an attachment for contempt is ordered.

A petition of this character should be brought as a proceeding in the suit in which the divorce was granted, and at the term to which it is returnable the original cause should be brought for-

ward upon the docket, if it has not been kept there. In this case, the main cause should now be brought forward and this petition be treated as an application in the same suit.

The citation in this case was signed by a justice of the peace. We know of no provision of the statute which authorizes this. But the petitionee having appeared, and having by his demurrer submitted a question involving the merits of the case, the defect is cured. *Huntley* v. *Henry*, 37 Vt. 165.

*Judgment affirmed and cause remanded for further proceedings.*