## FRANCIS C. NOYES *v.* EDWIN H. HUBBARD.

*Alimony.    Discharge in Insolvency.*

A discharge in insolvency does not bar a proceeding to enforce a decree for alimony made before the filing of the petition.

Petition to the County Court praying that the petitionee be adjudged in contempt for neglect to pay certain alimony decreed by said court. The petitionee pleaded in bar a discharge from the court of insolvency for the district of Rutland. To this plea the petitioner demurred. Heard upon demurrer at the September term, 1891, Thompson, J., presiding. Judgment that the plea was sufficient. The petitioner excepts.

*J. C. Baker,* for the petitioner.

A decree for alimony may be enforced by a proceeding for contempt. *Curtis* v. *Gordon,* 62 Vt. 340 ; *Andrew* v. *Andrew,* 62 Vt. 495 ; *Ex parte Spencer,* 83 Cal. 460.

Such a decree is not a debt provable against an insolvent estate, nor will it be discharged in insolvency. *Sheafe* v. *Sheafe,* 36 N. H. 155 ; *Ex parte Perkins,* 18 Cal. 60 ; *Pain* v. *Pain,* 80 N. C. 322 ; *Wightman* v. *Wightman,* 45 Ill. 167.

*C. M. Willard,* for the petitionee.

The decree was in the nature of a judgment and was barred by the discharge. *Harrington* v. *McNaughton,* 20 Vt. 293 ; *Downer* v. *Rowell,* 26 Vt. 397.

The opinion of the court was delivered by

ROSS, Ch. J.    This is a petition to the County Court, praying that the petitionee be dealt with for contempt for neglecting to perform the decree of that court, made in a divorce

proceeding between them, ordering him to pay the petitioner one dollar a week for the support of their minor child, until the child shall attain the age of eighteen years.

The petitionee pleads in bar to the petition, a discharge granted him since the making of the order, by the court of insolvency.

The facts of the plea are admitted by the demurer. The contention is, whether the discharge in insolvency relieved the petitionee from the payment of the money ordered by the decree of alimony. By R. L. s. 1856 the discharge in insolvency discharged the petitionee "from debts proved against his estate; and from debts provable founded on a contract made by him while an inhabitant of the State, if made within the State, or to be performed within the same or due to a person resident therein, at the time of filing of the petition." The claim for this alimony was not proved against the estate of the petitioner in insolvency.

The petitionee contends, that the claim sought to be enforced is a debt provable, because he contends that the decree granting the alimony is a judgment, and a judgment for the payment of money is a debt founded on a contract. If it be of that character, it could not be enforced by proceedings for contempt, since the passage of the Act in 1839 abolishing imprisonment for debt founded on a contract. *Sawyer et al.* v. *Vilas,* 19 Vt. 43.

While ordinary judgments for the payment of money are held to evidence debts founded on contract, express or implied, which were discharged by a discharge in bankruptcy under the law of 1841, (*Harrington* v. *McNaughton,* 20 Vt. 293; *Downer* v. *Rowell,* 26 Vt. 397), all orders, decrees and judgments for the payment of money are not of that nature. *Clark* v. *Trombly et al.* cited, 19 Vt. 48. *In re Merrill Bingham,* 32 Vt. 329; *Leach* v. *Leach,* 51 Vt. 440; *Leach* v. *Peabody,* 58 Vt. 485.

A decree of alimony to be performed by the payment of

Francis C. Noyes *v.* Edwin H. Hubbard.

money is not evidence of a debt founded on a contract, express or implied, and may be enforced by imprisonment for contempt. *Andrew* v. *Andrew*, 62 Vt. 495. It is there held that such a decree is not a judgment for the enforcement of any contract, express or implied, existing between the parties thereto, but for the enforcement of a duty in the performance of which the public as well as the parties are interested. Such a judgment therefore is not a judgment founded on a contract, and is not discharged by a discharge in insolvency.

*Judgment reversed, demurrer sustained, plea in bar adjudged insufficient, and cause remanded.*