ELIZABETH M. STEARNS

v.

BENJAMIN F. STEARNS.

GENERAL TERM, 1893.

*Divorce.   Effect of ante-nuptial agreement upon alimony.*

An ante-nuptial contract between husband and wife that neither shall claim any right in the property which the other may have at the time of marriage, or may acquire during coverture will not bar the wife of alimony upon obtaining a divorce for wilful refusal to support.

Petition for divorce by the wife upon the ground of wilful refusal to support. Heard at the December term, 1892, Windsor county, THOMPSON, J., presiding. The petitioner

was granted a divorce and one thousand dollars permanent alimony. To the allowance of alimony the petitionee excepted for that, in view of the ante-nuptial contract, it could not be given as matter of law. The question decided appears from the opinion.

*Gilbert A. Davis* and *Frank H. Clark* for the petitioner.

The husband was under legal obligation to support the petitioner and alimony is given as damages for that neglect. 2 Kent Com. 133 (9th Ed.) ; *Farnsworth* v. *Farnsworth,* 58 Vt. 555; *Andrew* v. *Andrew,* 62 Vt. 496; *Jewett* v. *Jewett,* 61 Vt. 370; *Foster* v. *Foster,* 56 Vt. 546; 1 Rap. Law Dict., 46; Webster's Dict., Alimony; 2 Bish. Hus. and Wife, 374; Schoul. Hus. and Wife, ss. 551, 553; *Noyes* v. *Hubbard,* 64 Vt. 302.

The ante-nuptial contract does not affect the duty or right. Schoul. Hus. and Wife, 117.

*W. E. Johnson* for the petitionee.

ROSS, C. J.   In the ante-nuptial contract the petitioner, in consideration of the marriage and of the covenant of the petitionee that he would forego and relinquish all rights to any property which she then had, or might acquire during the marriage, also covenanted to relinquish all rights to the property which he then had, or might acquire, and that she should be forever barred and estopped from having or claiming to have any right, title or interest therein.   The contract was made binding upon their respective heirs and legal representatives.   It was declared to be the essence of the contract that, at the death of either party, all property of every kind, of which such party should die seized, should descend to the legal heirs and representatives, the same as though the marriage had not taken place, without any claim or right therein of the survivor.   The question is whether

this contract bars the petitioner of alimony on obtaining a divorce for the wilful refusal of the petitionee to support her. A majority of the court think it does not.    The statute gives the court, on granting a divorce to the wife, unrestricted power to grant her alimony, or an allowance from the property of the defaulting husband.  R. L., 2381.  Alimony means sustenance or support.  It is apparent that such allowance is given for the support to which she was entitled by the marriage, and which she has been compelled to forego and been deprived of through his default in failing to perform the marriage contract and covenant.    R. L. 2383 ; *Andrew* v. *Andrew*, 62 Vt. 495 ; *Foster* v. *Foster*, 56 Vt. 540 ; *Noyes* v. *Hubbard*, 64 Vt. 302.

From these decisions it is also apparent that permanent alimony is given for damages sustained by reason of the failure of the husband to keep and observe his marriage contract and perform the duties thereby imposed upon him towards his wife, especially the duty of supporting her, in sickness and in health, until the contract is dissolved by the death of one of the parties to it.    Now the ante-nuptial contract did not contemplate a divorce, or a dissolution of the marital contract through the fault of the husband.    It contemplated the performance of that contract until dissolved by the death of one of the parties to it, that the petitionee would discharge his duty by supporting the petitioner until such a dissolution.    By it the petitioner did not debar herself of her marital right to such support.    The ante-nuptial contract contemplated and took effect upon the consummation of the marriage, which imposed upon the petitionee the duty of supporting the petitioner until the contract of marriage came to an end by the removal of one of the parties by death.    The contract, which took effect only upon the consummation of the marriage, cannot bar the petitioner from pecuniary damages awarded for the failure of the petitionee to keep and perform that contract and discharge the

duties imposed upon him by it. It did not relate to nor touch upon the subject of his duty to support her, nor upon her right to be supported. It has been adjudged that on a divorce *a mensa et thoro* an ante-nuptial contract, like the one in this case, does not bar the wife from permanent alimony. *Logan* v. *Logan*, 2 B. Mon. 149. No more can it in a divorce *a vinculo matrimonii*. Whether the divorce is of the former or latter character, the ante-nuptial contract proceeds upon the supposition that the marriage is to be consummated, and it is the marriage which imposes the duty upon the husband to support the wife. That duty is, by the contract, presumed to remain until removed by death. The contract is, in neither case, to take the place of his duty to support, but presumes that duty to exist and to be performed to the termination of the life of one of the parties.

*Judgment affirmed.*

Taft, J., dissents.