## Ellen R. Carter *v.* Samuel W. Carter.

October Term, 1903.

Present: Rowell, C. J., Tyler, Munson, Start, Watson, and Stafford, JJ.

Opinion filed January 26, 1904.

### *Divorce—Alimony—Antenuptial Contract.*

A promissory note executed and delivered by a man to the woman whom he subsequently marries, which is expressed to be in consideration of the intended marriage, and to be in full payment of all that she, or her heirs or assigns, will ever claim against his estate, and which he has paid according to its terms, does not contemplate a divorce through the fault of the husband, nor, in the event of such divorce, prevent the court from awarding her alimony.

Petition for Divorce. Heard at the June Term, 1903, Lamoille County, *Haselton*, J., presiding. Divorce and permanent alimony granted. The petitionee excepted. The opinion states the facts.

*George M. Powers* for the petitioner.

This contract does not bar alimony. *Logan* v. *Logan*, 2 B. Mon. 149; 2 Bishop on Marr. & Div. § 369, n; *Stearns* v. *Stearns*, 66 Vt. 187.

If this agreement was made to bar alimony it is against public policy. 1 Bishop on Marr. & Div. § 635; note to *Clark* v. *Fosdick*, 6 L. R. A. 132.

*H. N. Deavitt* for petitionee.

Petitioner is barred from claiming alimony by the contract. *Chaffee* v. *Chaffee*, 70 Vt. 231.

START, J. This is a petition for a divorce, with a prayer for alimony. The petitionee, in bar of the petitioner's claim for alimony, offered to prove, that, prior to the marriage of the parties, they entered into an antenuptial contract of the following tenor: "For value received, I promise to pay to the order of Ellen R. Wilson three thousand dollars on demand with interest; said note is in consideration of a marriage this day to be solemnized and is in full payment for all sums said Ellen R. Wilson or her heirs or assigns will ever claim against me or my estate in law or in equity; said sum to be subject to her order and control, and is in full payment for all she will ever claim of me or against my estate." The petitionee also offered to show that he had complied with the terms of the contract. The evidence was excluded. A divorce was granted for the adultery of the petitionee, and certain real and personal estate belonging to him was decreed to the petitioner as alimony.

It has been held by this Court, that contracts like the one in the case at bar do not contemplate a divorce, through the fault of the husband; that they do not relate to, nor touch upon, the subject of the husband's duty, under the marital contract, to support his wife, nor upon her right to be supported until the contract of marriage comes to an end by the removal of one of the parties by death; and that they are not intended to control the rights of the parties, when the husband so conducts himself that the wife is deprived of the support which she was entitled to upon the consummation of the marriage, and do not bar the wife from permanent alimony. Stearns v. Stearns, 66 Vt. 187, 28 Atl. 875. In the case before cited, the petitioner, before the consummation of the marriage, agreed to relinquish all rights to the property which the petitionee then had or might acquire, and that she should

be forever barred and estopped from having, or claiming to have, any right, title or interest therein; and it was held that the agreement did not bar the petitioner from permanent alimony. For the purpose of decreeing permanent alimony out of property belonging to a husband, at the time a divorce is granted for his adultery, the agreement in this case cannot be distinguished from the petitioner's agreement in the case at bar, that she would make no claim against the petitionee or his estate. It is, therefore, held, in accordance with the former holding of this Court, that the Court below had authority, under V. S. 2691, to decree specific property, belonging to the petitionee, to the petitioner as permanent alimony, and that the antenuptial contract, and evidence to show that it had been complied with, were rightfully excluded.

*Judgment affirmed.*