JULIA DALY *vs.* EDMUND J. DALY, ADMINISTRATOR.

Third Judicial District, Bridgeport, April Term, 1908.

BALDWIN, C. J., HAMERSLEY, HALL, PRENTICE and THAYER, Js.

Unless an answer is manifestly insufficient, the finding of the issues raised by it in favor of the defendant entitles him to a judgment.

While a decree for alimony is something more than a mere judgment-debt, and operates as a decree in equity for the specific performance of the act commanded, it nevertheless has the character of a judgment-debt, and in an action upon it an accord and satisfaction may be pleaded as a good defense.

In a suit for divorce it was agreed that the amount of alimony for which judgment should be rendered should within a certain time after the judgment be deposited by the defendant in savings-banks in the wife's name, the interest to be payable to her and at her death the principal to be paid to her children. This agreement was not carried out, but, after the judgment was rendered, a similar agreement was made, whereby the plaintiff received from the defendant in the divorce proceedings certain bank-books for the amount of the judgment, payable as contemplated in the original agreement. *Held:*—

1. That there was an accord and satisfaction which constituted a defense to an action on the judgment.
2. That the inventory of the husband's estate was inadmissible in an action on the judgment brought after his decease against the administrator.

Argued April 21st—decided June 2d, 1908.

ACTION in the nature of debt on judgment to recover the amount of alimony awarded the plaintiff upon her divorce from the defendant's intestate, brought to and tried by the Superior Court in New Haven County, *Gager, J.;* facts found and judgment rendered for the defendant, and appeal by the plaintiff. *No error.*

*William B. Stoddard* and *Edward A. Harriman,* for the appellant (plaintiff).

*John O'Neill* and *Lucien F. Burpee,* for the appellee (defendant).

THAYER, J. The only question in this case was whether the judgment sued upon, for $4,500 alimony, had been paid and satisfied. The answer admits all the allegations of the complaint except the fifth, which states that the judgment has not been paid, and sets up as a special defense that, after the alimony became due, the defendant's intestate, who was the divorced husband of the plaintiff and against whom the judgment was rendered, deposited $4,500 in savings-banks in the plaintiff's name, the interest being payable to her, and the principal, at her death, being payable to her children, and that the plaintiff accepted these deposits in full satisfaction of the judgment sued upon. The plaintiff in reply denied the allegations contained in this defense. The court found all the allegations of the second defense true. This finding of the issues of fact in favor of the defendant entitled him to a judgment (*Powers* v. *Mulvey*, 51 Conn. 432, 433), unless the answer was manifestly insufficient. *Todd* v. *Munson*, 53 Conn. 579, 591, 4 Atl. 99. We think that the answer is not insufficient. There is no reason why bank-books or other choses in action may not be accepted in payment and satisfaction of a judgment for alimony for a fixed sum for which execution will lie, the same as for any other money judgment. It is true, as claimed by the plaintiff, that a decree for alimony is something more than a mere judgment-debt. It has now, as it has always had in this State, the force of a decree in equity for the specific performance of the act decreed. *Lyon* v. *Lyon*, 21 Conn. 185, 197. In that case the husband claimed that a decree for alimony stood on the same ground as a judgment of a court of law, or decree in equity, for the payment of a mere debt or sum of money, and could only be enforced, in the first instance, by the accustomed writ of execution. We then held that it had a different character. That character it still retains. But since that case was decided, the statutes have been changed, and the wife's rights extended. The complaint and pleadings are now, under the Practice Act, the same as in any civil action. By General Statutes, § 4552, the

wife, in bringing her action asking for alimony, may now cause her husband's property to be attached to secure the same. Such attachment, to be of value to her, must have the same rights of priority over other attachments and liens, and of enforcement by execution, as similar attachments have in other cases. Under similar statutes permitting attachments, execution is granted in other jurisdictions. We think it was the intention of the legislature to give this remedy to the wife in addition to those previously existing, and that a judgment for the payment of a specific sum as alimony now has the added character of a judgment-debt. Counsel for the plaintiff concede that an accord and satisfaction is a good defense to an ordinary judgment.

The court properly excluded the inventory of the testator when offered in evidence by the plaintiff. It had no tendency to prove any issue which was raised by the pleadings or was in any way before the court.

There is no error.

In this opinion the other judges concurred.