## KOSTACHEK v. KOSTACHEK.

No. 3323. Opinion Filed June 11, 1912.

Publication Withheld Until May 26, 1914.

(124 Pac. 761.)

**DIVORCE—Appeal—Alimony—Counsel Fees.** This court, under its appellate jurisdiction, in cases in equity, as an incident to the exercise of such jurisdiction, has authority, in actions pending on appeal in said court to review decrees in divorce proceedings, to grant alimony pending the determination of such appeal, and also the necessary counsel fees and suit money for the prosecution of such proceeding.

(Syllabus by the Court.)

*Error from District Court, Tulsa County;*

*L. M. Poe, Judge.*

Action by Toney Kostachek against Joseph Gostachek. Judgment for defendant, and plaintiff brings error. On motion for allowance of alimony and attorney's fees. Granted.

*J. A. Maupin* and *W. K. Moore,* for the motion.

*Martin, Bush & Murry,* opposed.

WILLIAMS, J. It appears from the record that the plaintiff in error prosecuted an action for divorce and alimony against the defendant in error in the district court of Tulsa county, resulting in a judgment in favor of the defendant in error. Plaintiff in error, by proceeding in error, in this court seeks a reversal of this decree.

After such proceeding in error had been commenced in this court, the plaintiff in error filed a motion praying that the de-

fendant in error be required to pay attorney's fees, alimony, and suit money pending such appeal. Upon said application, which was not resisted by the defendant in error, on January 16th, the order as prayed for was made. The defendant in error now moves to vacate said order: (1) For want of jurisdiction of the subject-matter; (2) for want of notice; and (3) because said order was erroneous. The defendant in error in his brief, however, seems to have abandoned every ground except that of jurisdiction.

Section 2 of article 7 of the Constitution is as follows:

"The appellate jurisdiction of the Supreme Court shall be coextensive with the state, and shall extend to all civil cases at law and in equity, and to all criminal cases until a Criminal Court of Appeals with exclusive appellate jurisdiction in criminal cases shall be established by law. The original jurisdiction of the Supreme Court shall extend to a general superintending control over all inferior courts and all commissions and boards created by law. * * * "

In *Hunt v. Hunt,* 23 Okla. 490, 100 Pac. 541, 22 L. R. A. (N. S.) 1202, in an opinion by Mr. Justice Dunn, it is said:

"In our judgment, plaintiff in error ought also to be required to meet the reasonable expenses of defendant in error in this court, including a reasonable attorney's fee. We find that $100 would reasonably cover the former, and that $150 would be a reasonable allowance for the latter. We therefore adjudge and decree her entitled to $250, agreeable to this finding, and direct the same to be taxed as part of the costs in this court."

This opinion is predicated upon *Willits v. Willits,* 76 Neb. 228, 107 N. W. 379, 5 L. R. A. (N. S.) 767, 14 Ann. Cas. 883.

No statute appears to be in force in this state authorizing this court to make such an allowance. If it has such power, it is incident to its appellate jurisdiction. The authorities seem to be divided on that question.

Under the Constitution of 1864, the Supreme Court of Nevada had jurisdiction similar to that of this court (section 4, art. 6, Constitution.) In *Lake v. Lake,* 16 Nev. 363, the power to allow counsel fees, where no statutory authority existed, was exercised in conformity with the decision of the ecclesiastical courts of England. See, also, to the same effect, *Prine v. Prine,*

36 Fla. 676, 18 South. 781, 34 L. R. A. 87; *Day v. Day,* 84 Iowa, 221, 50 N. W. 979; *Vanduzer v. Vanduzer,* 70 Iowa, 614, 31 N. W. 956; *Van Voorhis v. Van Voorhis,* 90 Mich. 276, 51 N. W. 281; *Whitmore v. Whitmore,* 49 Mich. 417, 13 N. W. 800; *Zeigenfuss v. Zeigenfuss,* 21 Mich. 414; *Chaffee v. Chaffee,* 14 Mich. 463; *Goldsmith v. Goldsmith,* 6 Mich. 286; *Wagner v. Wagner,* 36 Minn. 239, 30 N. W. 766; *Dwyer v. Dwyer,* 16 Mo. App. 422; *Miller v. Miller,* 14 Mo. App. 418; *Disborough v. Disborough;* 51 N. J. Eq. 306, 28 Atl. 3; *Nary v. Braley,* 41 Vt. 180; *Phillips v. Phillips,* 27 Wis. 252; *Helden v. Helden,* 9 Wis. 557. *Contra: State ex rel. Clarkson v. St. Louis Court of Appeals,* 88 Mo. 135; *Hunter v. Hunter,* 100 Ill. 477; *Ex parte Ambrose,* 72 Cal. 398, 14 Pac. 33; *Reilly v. Reilly,* 60 Cal. 624; *Cralle v. Cralle,* 81 Va. 773.

The exercise of such authority by an appellate court is based on the theory that the jurisdiction to review decrees in divorce cases carries with it by implication the incidental power to make such allowances; such authority being indispensable to the proper exercise of proper appellate jurisdiction. The object of the law is to afford a wife without means the funds necessary for maintenance pending the final determination of a divorce proceeding and also funds to prosecute or defend such action. This object would be defeated if, after a decree in such action, courts withhold from her alimony pending an appeal and also the means necessary for a reasonable review in case of an adverse decree by the chancellor. She is entitled to a proper allowance so long as the cause is pending and until it is finally determined. This court having exercised such authority in *Hunt v. Hunt, supra,* which seems to be amply supported by authority, we adhere to that rule.

The defendant in error, in his answer to the citation herein issued, states that "if this honorable court should, upon consideration, hold and decide that it has jurisdiction to make and issue said order, then this defnedant in error is willing to perform said order within such reasonable time as the court may order."

The court having heretofore ordered the defendant in error to pay to the clerk the sum of $100 attorney's fees, $100 alimony for the plaintiff, $50 suit money, and $25 per month temporary alimony, pending this proceeding, beginning with January 1, 1912, in view of the foregoing statement of the defendant in error of his willingness to comply with the order of this court in the event the court determines upon this hearing that it had jurisdiction to make such order, the defendant is allowed fifteen days from the date of the entering of this order to pay said sums of money to the clerk of this court, in which event the defendant will be discharged; the costs of this proceeding, however, being taxed against him.

All the Justices concur.