## SPRADLING v. SPRADLING.

No. 7553—Opinion Filed June 6, 1916.

(158 Pac. 900.)

### Divorce—Appeal—Alimony and Allowances.

In a proceeding in error to review a judgment of the district court awarding permanent alimony and making an allowance for the support of minor children, this court has power, as an incident to its appellate jurisdiction, to make allowance for the maintenance of the defendant in error and minor child of the marriage pending the determination of the cause, and for counsel fees and suit money necessary to a proper defense of her rights upon appeal.

(Syllabus by Bleakmore, C.)

Error from District Court, Osage County; R. H. Hudson, Judge.

Action by Nannie Spradling against S. S. Spradling. Judgment for plaintiff, and defendant brings error. Order allowing defendant in error suit money.

See, also, 74 Okla. 276, 181 Pac. 148.

Leahy & MacDonald, for plaintiff in error.

Noffsinger & Broome, for defendant in error.

Opinion by BLEAKMORE, C. This suit, seeking a decree awarding alimony and an allowance for the support of minor children, the fruits of the marriage of the parties, was commenced in the district court of Osage county, against S. S. Spradling, on March 10, 1913, by Nannie Spradling, who had theretofore, on January 27, 1911, obtained a divorce from him in an action in the Wolfe circuit court of Wolfe county, Ky., wherein she was plaintiff and he was defendant, but in which case the question of alimony and the support of their minor children was not, and could not have been, involved, as the Kentucky court was without jurisdiction in

that respect of either the person or property of the defendant, for the reason that he had left said state, taking his property with him, and, his whereabouts being unknown, constructive service of process only was had upon him. At the commencement of this action the district court of Osage county made an allowance for the temporary support of the plaintiff and her minor children and for attorney's fees and suit money, and granted an order restraining the defendant in the disposition of his property pending the determination thereof. Defendant paid a portion of the allowance, but thereafter disregarded such order by refusing to pay the remainder, disposed of his property, and absented himself from this state, and is now shown to be without the jurisdiction of the court. Upon final hearing the trial court awarded plaintiff $5,000 for the maintenance and education of the minor children, and $2,500 as permanent alimony. From this judgment defendant, S. S. Spradling, has appealed.

The case, however, is now before us on motion of the plaintiff below, Nannie Spradling, for an allowance by this court of suit money necessary to her defense in this court, counsel fees, and the maintenance of herself and children, pending the determination of the appeal, in the sum of $500. The motion is supported by affidavit, showing that movant is without money or property and wholly destitute of any means of supporting herself and child, or paying the expenses necessarily incident to her defense herein. Both parties appeared by counsel upon the presentation of the motion, and offered oral argument, when it was admitted that the amount of the allowance prayed is not excessive.

The errors assigned and presented for review upon the appeal proper are not, at this time, before us, and will not be considered.

The only questions to be determined at this juncture are: (1) The power of this court to make such an allowance: (2) the propriety thereof; and (3) the amount.

This appeal is by the former husband from a judgment in behalf of the wife, awarding her alimony and a sum for the support of the minor children of this marriage. In Hartshorn v. Hartshorn, 67 Okla. 43, 155 Pac. 508, the first paragraph of the syllabus states:

"The Supreme Court under its appellate jurisdiction in cases of equity, as an incident to the exercise of such jurisdiction, has authority in actions pending on appeal in said court to review decrees in divorce proceedings, to grant alimony pending the determination of such appeal, and also the necessary counsel fees and suit money for the prosecution of such proceeding."

See, also, Kostachek v. Kostachek, 40 Okla. 744, 124 Pac. 761; also Hunt v. Hunt, 23 Okla. 490, 100 Pac. 541, 22 L. R. A. (N. S.) 1202.

The basis of the recovery awarded by the trial court grows out of the marriage of the parties, and the rights and obligations arising from and consequent upon that relation; and upon principle this court has the same inherent authority, as an incident to its appellate jurisdiction, to make an allowance of the same character in this case as in a case for divorce and alimony, or for alimony alone. Relative to such allowance in a suit for divorce and alimony it was said in Kostachek v. Kostachek, supra:

"The exercise of such authority by an appellate court is based on the theory that the jurisdiction to review decrees in divorce cases carries with it by implication the incidental power to make such allowances; such authority being indispensable to the proper exercise of proper appellate jurisdiction. The object of the law is to afford a wife without means the funds necessary for maintenance pending the final determination of a divorce proceeding and also funds to prosecute or defend such action. This object would be defeated if, after a decree in such action, courts withhold from her alimony pending an appeal and also the means necessary for a reasonable review in case of an adverse decree by the chancellor. She is entitled to a proper allowance so long as the cause is pending and until it is finally determined."

This cause, in which the husband has twice removed with his property from the state where the plaintiff was domiciled the second time, in contemptuous violation of the order of the trial court, affords a peculiarly appropriate instance for the exercise by this court of its power to make an allowance to her of funds with which to prepare and present her defense herein, without which funds the judgment of the court below might avail her nothing.

It is therefore ordered that the defendant in error, Nannie Spradling, be and she is hereby awarded the sum of $500 for the maintenance of herself and child pending the determination of this proceeding in error, and for costs, counsel fees, and other expenses incident to her defense, and the plaintiff in error, S. S. Spradling, is ordered and directed to pay to the clerk of this court, for the use of the defendant in error, the said sum of $500 within 30 days from this date.

By the Court: It is so ordered.