ELEANOR D. WRIGHT *vs.* DANIEL M. WRIGHT.

First Judicial District, Hartford, January Term, 1919.

PRENTICE, C. J., RORABACK, WHEELER, BEACH and GAGER, Js.

Whether a plaintiff may factorize himself in his own suit, *quære.*

A divorced husband who is under obligation to pay instalments of alimony awarded to his divorced wife, cannot excuse his nonpayment upon the ground that he had garnisheed himself in a suit which he had brought against his wife before the instalments became due; for the law will not permit him to plead an inability occasioned by his own act for the very purpose of avoiding payment.

Alimony in the hands of a divorced husband is not a "debt" within § 5915 of the General Statutes relating to garnishment, and therefore cannot be reached by the wife's creditors by process of foreign attachment.

Argued January 9th—decided February 19th, 1919.

PETITION for an order and decree adjudging the defendant to be in contempt of court in wilfully refusing to pay instalments of alimony theretofore awarded to the plaintiff in an action of divorce, brought to and tried by the Superior Court in Hartford County, *Burpee, J.,* upon a demurrer to the defendant's answer; the court sustained the demurrer, adjudged the defendant to be in contempt, and committed him to jail, and from this judgment he appealed. *No error.*

The petition alleges that on January 4th, 1918, the plaintiff obtained a decree of divorce from the defendant whereby it was adjudged that the defendant pay the plaintiff $10,000 in instalments, $3,500 within thirty days, $3,500 within sixty days, and $3,000 within ninety days; and that the defendant, in wilful violation and contempt of the decree, had refused to pay any part of the $3,500 due sixty days after its date, and any part of the $3,000 due ninety days after its date.

The defendant answered the petition by alleging that on February 27th, 1918, he had been garnisheed in an action brought by one Freeman against the plaintiff, claiming $1,650 damages, in which action "moneys in the hands of the defendant to the amount of $1,650 were attached"; and that before the beginning of these contempt proceedings, on April 2d, 1918, he had been garnisheed for $3,000 in an action brought by himself against the plaintiff claiming $2,500 damages. The answer then alleged the payment of all alimony not so attached, and that the defendant was ready and willing to pay the balance of $4,650 on being released from the attachments.

To this answer the plaintiff demurred, on the ground that alimony could not be attached or taken by the proceedings set forth in the defendant's answer, and the Superior Court sustained the demurrer.

*Andrew J. Broughel* and *Birdsey E. Case*, for the appellant (defendant).

*Sidney E. Clarke*, for the appellee (plaintiff).

BEACH, J. The question is whether alimony in the hands of the husband is subject to garnishment (a) in an action brought against the divorced wife by the husband himself; (b) in an action brought against her by a third party.

The first branch of the question is answered by the mere statement of it. The decree, until reversed, "must be obeyed, or the party must purge himself of contempt by showing his inability to pay it, and that the inability is not occasioned by his own act for the purpose of avoiding payment." *Ex parte Spencer*, 83 Cal. 460, 465, 23 Pac. 395; *Schuele v. Schuele*, 57 Ill. App. 189. Obviously the defendant's attempt to

factorize himself was his own act done for the purpose of avoiding payment. He cannot purge himself on the ground that he has seen fit to prevent himself from obeying the decree; or on the ground that he ought not to be compelled to obey it, lest he should become responsible to himself in *scire facias* proceedings for the amount of his own attachment.

Incidentally, it may be observed that it has never been held in this State that a plaintiff may factorize himself in his own suit. The point was raised, but not decided, in *Beach* v. *Fairbanks*, 52 Conn. 167, 172, where the authorities on both sides of the question are collected.

The answer to the other question—whether alimony in the hands of the husband is subject to garnishment in an action brought against the divorced wife by a third person—turns upon our foreign attachment statute. Under § 5915 of the General Statutes, the only subjects of foreign attachment are the effects of the defendant when concealed in the hands of his agent or trustee, debts due the defendant from any person, and legacies and distributive shares due from estates of deceased persons or insolvent debtors.

Although the decree "operates as a division or partition, between the husband and wife, of his property, in such proportion as the court, by its decree, determines" (*Lyon* v. *Lyon*, 21 Conn. 185, 198), it seems clear that when the decree is not for a specific division of property, but for a commutation payment in money, the husband cannot be said to have any property or effects of the divorced wife in his hands. No specific fund in the husband's hands can be identified as dedicated to the payment of alimony, for the reason that the decree is a charge upon the husband's whole estate, and not a severance of a part of it. Therefore, the allegation of the answer that by the Freeman

garnishment "moneys in the hands of the defendant to the amount of $1,650 were attached," is a wrong statement of the legal effect of the garnishment.

Evidently the only theory on which the defendant can be protected by the Freeman garnishment, is that it operated on the intangible obligation of paying the plaintiff certain sums at fixed times. If that obligation was a debt, and in this case a judgment-debt, due from the defendant to the plaintiff, then the debt itself— the obligation to pay—was secured in the hands of the garnishee for the payment of any judgment which Freeman might recover in that action. But if the decreed obligation to pay alimony is not a debt, then the statute does not subject it to garnishment at all.

This precise question has been settled in this State in *Lyon* v. *Lyon*, 21 Conn. 185, which was also an application for commitment for contempt of a decree for alimony. It was contended in that case that a commitment for contempt would deprive the defendant of the exemption from imprisonment for debt, or take away the privilege of the oath provided by law for poor debtors; but it was held (p. 197) that "the court does not . . . decree and assign alimony, as a debt due to the wife, or as damages to be paid to her, by her late husband," etc. In *Scott* v. *Scott*, 83 Conn. 634, 639, 78 Atl. 314, this language is repeated with approval, and alimony is described as "an allowance out of the estate of the husband made for the support to which the wife was entitled, and of which she had been deprived through the husband's default in the performance of the marriage contract."

*Daly* v. *Daly*, 80 Conn. 609, 69 Atl. 1021, on which the defendant relies, holds that a money decree for alimony is not only a decree for the specific performance of the act directed, but has the added character

of a judgment-debt so far as to permit the parties to agree upon a discharge by accord and satisfaction. That is a very different thing from the defendant's claim that third parties may treat it as a judgment-debt for purposes of foreign attachment; because *Daly* v. *Daly* is entirely consistent with the application of the fund, or its agreed equivalent, to its decreed purpose, and the defendant's claim is not.

With the exception of *Scheffer* v. *Boy,* 5 Pa. County Court, 158, an unconsidered opinion, all the authorities hold that decreed alimony is not a debt within the generally accepted legal significance of that word. It is not a debt within the meaning of constitutional prohibitions against imprisonment for debt. *Barclay* v. *Barclay,* 184 Ill. 375, 56 N. E. 636; *Andrew* v. *Andrew,* 62 Vt. 495, 20 Atl. 817; *Sheafe* v. *Sheafe,* 36 N. H. 155; *Ex parte Perkins,* 18 Cal. 60; *Pain* v. *Pain,* 80 N. Car. 322. It is not a debt within the meaning of State insolvency laws, or of the Federal Bankruptcy Act, whether it is in arrears at the time of the adjudication, or accruing afterward. *Barclay* v. *Barclay, supra; Noyes* v. *Hubbard,* 64 Vt. 302, 23 Atl. 727; *Audubon* v. *Shufeldt,* 181 U. S. 575, 21 Sup. Ct. 735.

These decisions are necessary to enable the court to enforce the performance of its decree, and to prevent the husband from obtaining a discharge of his obligation of support. They are based upon the proposition that a decree for alimony does not establish the existence and amount of an antecedent debt or liability. The liability arises from the change of *status* accomplished by the divorce, and is incidental thereto. It is based upon the duty of the husband to continue to support a wife whom he has in legal effect abandoned. It defines that duty in terms of money, or property, and decrees specific performance of it; and the State itself has a social and financial interest in the performance

of that duty.  *Audubon* v. *Shufeldt, supra; Noyes* v. *Hubbard, supra; Scott* v. *Scott,* 83 Conn. 634, 78 Atl. 314; *Fickel* v. *Granger,* 83 Ohio St. 101, 93 N. E. 527; *Romaine* v. *Chauncey,* 129 N. Y. 566, 29 N. E. 826.

The same line of reasoning applies to this case. Before the decree was entered the wife's right to support from her husband could not be reached by process of foreign attachment, nor by resort to a creditors' bill; not only because the obligation was too indefinite to be called a debt, but because no court of equity would permit creditors to obstruct the performance of a duty so obviously essential from the standpoint of public interest. After the decree, the obligation is measured in terms of money, but its nature and purpose are not changed. The specific performance of the decree is just as much a matter of public interest as was the performance of the original obligation. Our conclusion is that decreed alimony is not a judgment-debt for purposes of foreign attachment. Whether it may be subjected to the payment of the wife's debts by a creditors' bill, is a question which is not now before us.

In those cases where a creditors' bill has been brought to subject alimony in the husband's hands to the payment of the wife's debts, a sharp distinction has been drawn between debts incurred before the award, to the payment of which it is held that unpaid alimony cannot be applied, and debts which, because they accrued afterward, may be supposed to have been created on the faith of the award. See *Fickel* v. *Granger,* 83 Ohio St. 101, 93 N. E. 527, and *Romaine* v. *Chauncey,* 129 N. Y. 566, 29 N. E. 826.

That distinction is not applicable to an attempted sequestration of the award by foreign attachment; for it is one thing to apply to a court of equity for an equitable execution, on the ground that unpaid alimony is beyond the reach of legal process, and quite another

thing to assert a legal right to obstruct the perform-
ance of a decree for the enforcement of a duty in the
performance of which the public has an interest.

There is no error.

In this opinion the other judges concurred.