Plaintiff (defendant's divorced wife) brings this action against defendant to recover the sum of $400 alleged to represent unpaid alimony under a decree of the Superior Court for New Haven County, entered in September, 1938. Defendant in his answer has interposed a special defense in which he states that "since the date of the decree mentioned in the complaint (he) was seriously ill", has been "unemployed", has had "no source of income", and is now "applying to the Superior Court for a modification of the decree" upon which the present action is based.
Plaintiff demurs to the subject matter of the special defense on three grounds having as their objective the absence of any modification of the decree in question de alimony ordered by the Superior Court.
"We think it was the intention of the legislature to give this remedy [action in nature of debt on judgment to recover amount of alimony] to the wife .... and that a judgment for the payment of a specific sum as alimony now has the added character of a judgment-debt." Daly vs. Daly, 80 Conn. 609,611.
The fact that the Superior Court awarded the plaintiff alimony on the basis of weekly payments of six dollars rather than a lump as in the Daly case, should not affect the legal situation de debt. "The decree .... is a judgment of record, and will be received as such by other courts." German vs.German, 122 Conn. 155, 163, quoting from Barber vs. Barber,
62 U.S. (21 How.) 582, 591. "A decree for alimony is generally considered as much a debt of record as any other judgment for money." 17 Am. Jur. Divorce and Separation § 658, citing Barber vs. Barber, supra.
If the Superior Court were now to modify its decree de
alimony on defendant's application, such modification in the nature of things would not ordinarily be retroactive in its scope so as to relieve defendant of past obligations under the decree of September, 1938, which is the basis of this action.
 It necessarily follows that matters contained in defendant's special defense do not constitute proper pleading. Plaintiff's demurrer, accordingly, is sustained on all grounds.