ISABEL F. JENKINS *v.* FREDERICK R. JENKINS, JR.

SUPERIOR COURT  NEW HAVEN COUNTY  FILE NO. J 3256

Memorandum filed December 10, 1954.

*William L. Beers,* attorney general, and *Ernest H. Halstedt,* assistant attorney general, both of Hartford, for the State and for the plaintiff.

*George W. J. Chisaki* and *Henry T. Istas,* both of New Haven, for the defendant.

PHILLIPS, J. The attorney general has filed in behalf of the state, in connection with rules to show cause, a motion that the defendant be adjudged in contempt for failure to obey a court order for support of the children, and a motion to modify the order by increasing the amount called for. It is conceded that the commissioner of welfare has paid substantial amounts to the Redfields, present custodians of the children, under the program of aid to dependent children.

I do not find the appearance and participation of the attorney general in this proceeding to be unconstitutional under article first, § 1, of the constitution of Connecticut. I do not find that the action taken is ultra vires. While there is authority for the proposition that the attorney general has no power to intervene in a divorce or to bring an independent action to set aside a decree of divorce on behalf of the government under the common law (*State ex rel. Fowler* v. *Moore,* 46 Nev. 65), the rationale of that case is applicable to the granting or setting aside of the divorce, where the court itself represents the interests of the state. This principle has no application to the enforcement of a decree for the support of children in a subsequent proceeding, where the state has an actual financial interest.

Under General Statutes, § 212, the attorney general is authorized to appear for the state and various boards and officers in all suits and other civil proceedings "in which the state is a party or is interested." By virtue of its payments to the Redfields, the state has a financial interest in the performance

of the duty arising out of the award of alimony which entitles the attorney general to pursue these motions. See *Wright* v. *Wright,* 93 Conn. 296, 300; *German* v. *German,* 122 Conn. 155, 160.

There is nothing in the nature of champerty, barratry and maintenance in the appearance and participation of the state so as to make its action in filing the motions contrary to public policy. *Bridgeport* v. *Equitable Title & Mortgage Co.,* 106 Conn. 542, 550.

The remedy provided the commissioner of welfare under § 1231c of the 1953 Cumulative Supplement is confined to cases where parents have sufficient means to support the child "and in addition thereto have other available funds or resources." The remedy is not exclusive. If there is a speedier and more economical and effective way to proceed against the parent in a given case, it is proper for the state to do so.

The motion to dismiss is denied.

Counsel on both sides should endeavor before the hearing on the merits to agree upon the amounts which were actually paid by the defendant.